357 P.2d 614

James A. SCOTT, Petitioner,

v.

E. J. WASIELEWSKI (E. J. Wasielewski Construction Company), Defendant Employers, and The Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.

No. 6940.

Supreme Court of Arizona.

Dec. 14, 1960.

H. S. McCluskey, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent The Industrial Commission of Arizona; Donald J. Morgan, James D. Lester, Frances M. Long, Phoenix, Edward E. Davis, Glendale, and C. E. Singer, Jr., Phoenix, of counsel.

UDALL, Justice.

The petitioner, twice previously, has been in this court in connection with his claims for compensation based on the injury involved in the instant petition. The injury

(to petitioner's neck) occurred November 5, 1953. Responding to his claim that he could not do work which required him to look up or use his arms above his head, or to hold weighty objects or do heavy work without suffering and a need to lie down to rest, the Commission made an award which this court set aside because erroneously entered under the scheduled A.R.S. § 23–1044, subd. B, rather than the unscheduled provisions of A.R.S. § 23–1044, subds. C, D, E, and F. Within nine months of our decision the Commission processed and entered an award under the proper section, which we again set aside because the findings of loss of earning capacity and monetary award were not sustained by the evidence.

Under mandate of this second decision, the Commission again faced the problem of determining petitioner's loss in earning capacity, if any, attributable to the injury, this being the sole issue for consideration. After further hearing the respondent Commission entered its award on December 30, 1957, placing petitioner under the status of temporary partial disability as of November 20, 1957, the date of mandate in the second case. Compensation payments were made without protest, in compliance with the award, until entry of final award under A.R.S. § 23–1044, subds. C, D, E, and F, which final award was dated July 23, 1959.

On or about August 1958 (after the temporary award but before the entry of the final award) the Commission instituted an independent investigation of the activities and pursuits of the petitioner by employing an investigator from the Arizona Bureau of Investigation of Mesa, Arizona. In due course the investigator submitted a report to the Commission and as a result of this report the Commission set the matter for hearing after giving proper notice.

A careful review of the evidence presented at this hearing conclusively shows that during the period of three months in which petitioner was being closely observed by the investigator, he appeared to be in all respects an able-bodied man. The testimony of the investigator is voluminous and showed in great detail the activities of petitioner. We note only some of the highlights. The investigator kept a daily log covering petitioner's activities from August to November of 1958. He observed the petitioner's physical movements and reactions after physical exertion. He took long trips with him by automobile. Petitioner dug in the earth for rocks and carried rocks, and loaded and unloaded the same from a truck. He opened gates, waved his arms, turned his neck, lifted tools, cut rock with a skill saw, and he unloaded a load of flagstones from one truck and lifted it onto another truck without difficulty. The investigator further reported that petitioner made no complaint of physical limitation nor did he give evidence of pain or suffering from ex-

ertion, nor did he find it necessary to lie down and rest after exertion. The investigator found him to be normal and energetic, with all of the apparent qualities of an able-bodied individual.

The testimony of the investigator was corroborated by a movie film which was placed in evidence by the respondent (Exhibit No. 4), which depicts petitioner in the process of doing many of the physical acts of exertion described in the investigator's testimony.

Petitioner does not directly deny the testimony of the investigator but does seek to explain it. The witnesses of petitioner at the hearing, in some degree, did corroborate the testimony of petitioner but they did not in any way refute the testimony of the investigator nor did their testimony refer to the three-months period covered by the investigator's report.

Acting on the evidence presented at the hearing, the Commission found that petitioner had testified falsely to material matters pertaining to his alleged injury and that he had feigned disabilities which he did not have, and that any loss of earning capacity which he claimed to be due to disabilities resulting from the injury were disproven as a result of the investigation. Accordingly, the Commission entered its final order of July 23, 1959, that petitioner take nothing further under his claim. The present appeal is from that order.

The chief issue for solution in this case is whether or not competent evidence justified the Commission's finding that petitioner did not have a loss of earning capacity attributable to physical disabilities resulting from an alleged injury entitling him to an award therefor under A.R.S. § 23–1044, subds. C, D, E, and F.

The evidence of the investigator is alone sufficient to justify the Commission's ruling. But petitioner contests the admissibility of this evidence on the ground that the investigator's employment and salary were not approved by the Governor as petitioner alleges is required by A.R.S. § 23–108, subd. B. Whether or not petitioner's interpretation of this section is correct, it does not affect the admissibility of this evidence. Had the investigator as a private citizen obtained this information and volunteered it to the Commission its admissibility would not be questioned. The mere fact that he was employed by the Commission allegedly in violation of the statute does not change the relationship of the evidence to this petitioner's rights. The evidence in this case is not at all analogous to evidence obtained by illegal search and seizure where the objector's personal rights have been violated. It is rather more analogous to attempts to avoid a contract with a corporation which has failed technically to comply with some part of the statute such

as stating its principal place of business. The right to complain rests in the state, not in the party dealing with the de facto corporation. See A.R.S. § 10–172. It was not error to admit this testimony.

 Petitioner assigns numerous other errors. They hinge primarily on his view that the Commission took away from him rights which were vested in him. We need only observe that the Commission acted timely throughout this case. Its orders were entered within the periods required by statute. Its final order merely terminated compensation payments to a claimant not entitled to receive them. It has not convicted petitioner of perjury or entered any penalty against him. It merely found that he was not entitled to compensation benefits because he suffered no loss of earning capacity. It did upset a former finding that his condition, which then was thought to be compensable, was stationary. But there is no statute of limitations or rule of law which prevents the Commission from upsetting such finding when procured by fraud. Petitioner accepted all payments until the final order without protest by him, thus foreclosing any claim by him that he was paid less than was due him during the lengthy period between his injury and the final order.

We find ample evidence to support the finding of the Commission and conclude that there is no merit to any of petitioner's claims of error. We therefore affirm the award.

STRUCKMEYER, C. J., and PHELPS and BERNSTEIN, JJ., concur.