612 P.2d 1065

John F. GROTH, Plaintiff/Appellant,

v.

Wanda M. MARTEL,
Defendant/Appellee.

George GRADY, as Personal Representative of the Estate of Delta Whitehead, Deceased, and Wanda Martel, Plaintiffs/Appellees,

v.

John F. GROTH and Tucson Church of the Brethren, an association, Defendants/Appellants.

No. 2 CA–CIV 3305.

Court of Appeals of Arizona,
Division 2.

Dec. 28, 1979.

Rehearing Denied Jan. 29, 1980.

Review Denied June 17, 1980.

L. Tipton Jackson, Jr., Tucson, for defendants/appellants Groth and Tucson Church of the Brethren.

Donald Estes, Tucson, for plaintiffs/appellees Grady, Estate of Delta Whitehead, and Wanda Martel.

OPINION

RICHMOND, Chief Judge.

In this appeal from a judgment in consolidated cases, appellant John F. Groth relies on A.R.S. § 14–6104 governing right of survivorship in certain nonprobate transfers, which provides in material part:

Sums remaining on deposit at the death of a party to a joint account belong to the

surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created.

The cases involve a joint savings account in the name of Delta Whitehead, Groth, and Wanda Martel. Whitehead died on January 21, 1977. Groth commenced an action for declaratory judgment on March 7, seeking a determination regarding the sum of approximately $18,000 remaining on deposit in the joint account. The complaint alleged that on September 8, 1976, while Groth was pastor and Whitehead a member of the Tucson Church of the Brethren, Whitehead instructed Home Federal Savings & Loan Association to create a joint tenancy with right of survivorship account so that Groth could draw funds to pay her bills and any sums remaining at Whitehead's death would go to the church. It alleged further that Martel was added to the account on September 30, having been informed of its purpose and having indicated her consent and approval that funds remaining in the account at Whitehead's death go to the church.

Two days after that complaint was filed, the personal representative of Whitehead's estate and Martel jointly commenced a separate action alleging that Groth had persuaded Whitehead through use of undue influence to add his name to the account and had converted the remaining $18,000. The cases were consolidated for trial before the court without a jury. At the conclusion of the evidence appellees conceded that there was no evidence of undue influence and the court ruled in favor of Groth on that issue. The trial court found, however, that the account was created for the purpose of Groth taking care of Whitehead's day-to-day expenses and

. . . that the placing of the money into the joint tenancy account by Delta Whitehead did not have the legal effect of making the Tucson Church of the Brethren beneficiary of an inter vivos or testamentary trust with John Groth as trustee. Further, the Court does not find by clear and convincing evidence that it was the intent of Delta Whitehead to establish such a trust.

The court then awarded the sums in the account to the estate.

Groth contends the court erred in failing to apply § 14–6104 because there was no evidence Whitehead intended the remaining sums to go to her estate. He claimed no interest in the account in his own right as surviving joint tenant, however, and it was undisputed that Martel was added to the account without Whitehead's knowledge for the limited purpose of paying her bills if Groth were unavailable. It is clear, therefore, that there was no intention that the sum remaining on deposit at Whitehead's death belong to the surviving parties unless a trust was created by a gift for the benefit of the church with Groth as trustee.

█ If a claim of a gift is not asserted until after the death of the alleged donor, it should be sustained by clear and satisfactory evidence of every element. *McNabb v. Fisher*, 38 Ariz. 288, 299 P. 679 (1931). The question of whether evidence is sufficient to be clear and convincing is for the trial court and its finding will not be disturbed unless as a matter of law no one could reasonably find otherwise. *Murillo v. Hernandez*, 79 Ariz. 91, 281 P.2d 786 (1955). Though there was substantial evidence that Whitehead intended any sums remaining on deposit at her death to be used by Groth for the church, there was contradictory testimony that she wanted her sister, as beneficiary under her will, or Martel, as surviving beneficiary, to have whatever she had left when she died and expected either of them to provide for the church from her bequest. We are unable to say as a matter of law that no one could reasonably find that the evidence that Whitehead intended to establish a trust was less than clear and convincing. Accordingly, the judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.