614 P.2d 340

John J. WOOD, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Thunderbird Freight Lines, Respondent Employer,

Industrial Indemnity Co., Respondent Carrier.

No. 1 CA–IC 2048.

Court of Appeals of Arizona, Division 1, Department C.

May 20, 1980.

Rehearing Denied July 11, 1980.

**260**

Glen D. Webster, Jr., Phoenix, for petitioner employee.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by Donald L. Cross, Phoenix, for respondents employer & carrier.

## OPINION

CONTRERAS, Judge.

The overall issue presented in this review is whether the hearing officer properly denied petitioner's request for a further hearing when the request was submitted after completion of hearings and after an award adverse to petitioner had been entered. Resolution of the issue is dependent upon whether petitioner's request for a further hearing met the requirements of Rule 56 (A.C.R.R. R4-13-156) of the Industrial Commission's rules of procedure.[1] In our opinion, petitioner did not meet such requirements and the hearing officer properly denied the request.

Petitioner sustained an industrial injury on May 4, 1971, that was accepted for benefits and eventually closed on September 6, 1974, without residual impairment. On May 18, 1976, petitioner filed a Petition to Reopen which, following litigation before the Industrial Commission, was granted by an award entered on November 24, 1976. On July 27, 1977, a Notice of Claim Status was issued terminating all benefits without permanent impairment, effective July 1, 1977. After a Request for Hearing was timely filed, hearings were held on January 13 and February 6, 1978. At the close of the February hearing, petitioner did not request a further hearing. On March 1, 1978, the hearing officer rendered his Decision upon Hearing and Findings and Award for Temporary Disability. The award determined that petitioner had failed to sustain his burden of proof and that his condition was stationary without permanent impairment attributable to his industrial injury.[2]

---

1. R4-13-156. Continuance of hearing

   A. The granting of a continuance of a hearing shall be discretionary with the presiding hearing officer.

   B. If at the conclusion of a hearing held by a hearing officer, any interested party desires a further hearing for the purpose of introducing further evidence, the party shall state specifically and in detail the nature and substance of the evidence desired to be produced, the names and addresses of the witnesses and the reason why the party was unable to produce such evidence and such witnesses at the time of the hearing. If it appears to the presiding hearing officer that with the exercise of due diligence, such evidence or witness could have been produced, or that such evidence or testimony should be cumulative, immaterial or unnecessary, he may deny the request for a continued hearing. He may, on his own motion, continue a hearing and order such further examinations or investigations as, in his discretion, appear warranted.

2. We note that there was a conflict of medical opinions at the hearing and that the hearing officer resolved this conflict against petitioner.

■ On March 6, 1978—five days after the entry of the award—petitioner underwent surgery that ostensibly was related to his industrial injury. Following this surgery, petitioner, on March 17, 1978, filed a Petition to Reopen to which he attached a copy of his physician's operative report. On March 29, 1979, petitioner filed a Request for Review directed to the hearing officer's decision and award of March 1, 1978. At the same time, petitioner filed, purportedly pursuant to Rule 56, a Request for Further Hearing. This Request for Further Hearing was made "for the purpose of introducing additional evidence which has been obtained since the matter was last heard on February 6, 1978." Attached to this request was the same physician's operative report that was attached to the March 17, 1978, Petition to Reopen. In his Decision upon Review Affirming Decision upon Hearing and Findings and Award for Temporary Disability, the hearing officer set forth relevant findings and denied petitioner's request for a further hearing. This special action followed.[3]

■ Rule 56 governs the manner in which a continuance of a hearing shall be requested and granted. The decision to grant a continuance of a hearing is in the hearing officer's discretion; however, as a predicate to the proper exercise of such discretion, certain legal criteria must be met by the requesting party. A party requesting a further hearing must state: (1) at the close of the hearing, (2) specifically and in detail what evidence he desires to produce, (3) who the witnesses are who will produce it, and (4) the reason why he was unable to produce such evidence and witnesses at the time of hearing. Rule 56(B).

■ After reviewing the record in this case, it can only be concluded that petitioner did not properly request a continuance of hearing pursuant to Rule 56. It is clear that petitioner's Request for Further Hearing was not made until four weeks after the hearing officer's Findings and Award and seven weeks after the February 6 hearing was completed. Rule 56(B) specifies that a request for a further hearing is to be made "at the conclusion of a hearing." At the conclusion of the final hearing held on February 6, no request for a further hearing was made. The hearing transcript does reveal a colloquy regarding the effect that possible future surgery might have on a future reopening. However, nothing said at that hearing reveals petitioner's desire for a further hearing. The final reported statement at the February 6 hearing is:

THE HEARING OFFICER: That would appear to conclude the evidence in this matter, and that being the case, the hearing is closed and the matter deemed submitted.

■ The Industrial Commission's rules permit continuances so that "substantial justice" will be achieved, *see E. S. Kelton Contracting Co. v. Industrial Commission*, 123 Ariz. 485, 600 P.2d 1117 (App.1979), and so that full consideration of all the facts of the case may be made before an award is rendered. *See Polston v. Industrial Commission*, 13 Ariz.App. 291, 475 P.2d 950 (1970). Yet, this policy must, at some point, give way to a concomitant policy requiring adequate pre-hearing preparation in order to achieve the speedy, fair, and final admin-

---

Petitioner does not in this special action question the hearing officer's resolution of this conflict in the medical evidence as the record existed on the date the award was entered. *See* Rule 59 (A.C.R.R. R4–13–159).

**3.** After filing the Petition for Special Action—Industrial Commission and his opening brief, petitioner filed a motion to suspend the Petition, requesting that this court remand the matter to the Industrial Commission (1) to hold such hearings as may be necessary to enable this court to fully consider the problem presented by the Petition for Special Action or

(2) to hold such hearings as may be necessary on the petition to reopen the claim. This court entered an order denying the motion to suspend the special action on the basis that this court's jurisdiction, pursuant to A.R.S. § 23–951(D), is limited to affirming or setting aside awards of the Industrial Commission. This court is without jurisdiction to grant the relief requested by petitioner. We specifically note that this opinion does not in any way relate to or limit petitioner's right to a hearing concerning the merits of any issues pertinent to the March 17, 1978, Petition to Reopen.

**262**

istrative adjudication of workmen's compensation claims. *See Lawler v. Industrial Commission*, 24 Ariz.App. 282, 537 P.2d 1340 (1975). The requirement of Rule 56 that requests for further hearings be made "at the conclusion of a hearing" strikes a balance between these competing policies. The fact finding process should not be allowed to extend indefinitely.

There is a parallel between the instant facts and those in *Zaragoza v. Industrial Commission*, 8 Ariz.App. 236, 445 P.2d 184 (1968). In *Zaragoza*, this court concluded that a claimant's request for a continuation of the hearing was untimely when the request was made seven months after the final (and sixth) hearing and after an unfavorable interim Industrial Commission decision (*i. e.*, referee's report). Admittedly, the time periods involved in petitioner's case are not as pronounced as those in *Zaragoza*. Yet, in either case, to find fault with the hearing officer's refusal to grant a further hearing would work to undercut the Commission's policy that discovery of relevant evidence should be made prior to a hearing so that workmen's compensation claims can be speedily, fairly, and finally adjudicated.

■ In summary, Rule 56 is a flexible procedural avenue that provides an interested party with the opportunity to seek a further hearing before the matter is deemed concluded and submitted for decision. Correspondingly, an interested party, whether as claimant, employer, or carrier, who seeks a further hearing must follow the procedural requirements specified in the rule. In the instant case, the petitioner did not meet the requirements when he filed his request for further hearing seven weeks after the final hearing had concluded and four weeks after an unfavorable award had been rendered. The hearing officer properly denied petitioner's untimely request for a further hearing.

The award is affirmed.

EUBANK and HAIRE, JJ., concur.