650 P.2d 473

**SOUTHWEST NURSERIES,
Petitioner Employer,**

**American Motorists Insurance Company,
Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**Edward L. Craig, Respondent Employee.**

No. 1 CA–IC 2533.

Court of Appeals of Arizona,
Division 1, Department C.

April 20, 1982.

Rehearing Denied July 15, 1982.

Review Denied Sept. 9, 1982.

---

Everett, Bury & Moeller, P. C. by J. Michael Moeller and Kenneth D. Everett, Tucson, for petitioner employer and petitioner carrier.

Rabinovitz & Dix, P. C. by Bernard Rabinovitz and Charles G. Rehling II, Tucson, for respondent employee.

Calvin Harris, Chief Counsel, Phoenix, for respondent Indus. Com'n of Arizona.

## OPINION

HAIRE, Judge.

The only issue in this review of an award entered by the respondent Commission in a workmen's compensation proceeding, is whether the administrative law judge abused his discretion in refusing to schedule an additional hearing to allow the carrier and employer to present newly discovered evidence indicating that the employee had given fraudulent testimony relating to his claimed injury. The evidence was discovered shortly after the entry of the administrative law judge's decision, and the circumstances surrounding the discovery of the evidence and the nature thereof were submitted to the judge by affidavit and memorandum of counsel as a part of the carrier's request for review of the award. The procedural and factual detail pertinent to the issue raised on review follows.

On May 6, 1980, the employee (claimant) filed a claim for workmen's compensation benefits for an industrially related back injury. After the carrier denied the claim by notice of claim status, claimant timely requested a hearing to protest the denial. At the scheduled hearing, claimant testified that on or about March 30, 1980, while lifting a citrus tree as a nurseryman for the petitioner employer, he injured his back. In addition, he testified that prior to this accident, except for muscle strain from overexertion, he had never seen a doctor, been hospitalized, or had any serious problems with his back. In addition, the claimant's girlfriend corroborated his testimony about his lack of any pre-injury back problems.

Arden Reynolds, M.D., the claimant's treating neurosurgeon, was the only medical expert to appear. He testified that he performed surgery on April 28th which revealed a large L-5-S-1 disc herniation on the left side. On the basis of his observation of the disc tissue during surgery and claimant's reporting of a recent industrial injury to his back, Dr. Reynolds was of the opinion that to a reasonable medical probability the disc herniation was related to the alleged tree-lifting incident.

On October 29, 1980, five days after the scheduled hearing, the hearing judge issued an award for a compensable claim. On November 18, 1980, the carrier and employer filed a timely request for review. The request for review asked for a further hearing alleging that the claimant had lied about his pre-injury back condition. In an affidavit supporting this allegation, counsel stated that after the scheduled hearing, claimant's girlfriend had advised him that claimant had lied, and also told him about physicians who had previously treated the claimant for back problems. Counsel also submitted medical reports from 1975 and 1976 establishing that the claimant had received extensive medical treatment and hospitalization for prior back injuries, specifically L–5–S–1 discogenic disease, the same area of the back involved in the present treatment.

When the hearing judge issued his decision upon review he affirmed the previous award without expressly ruling on the request for a further hearing. In his decision he stated:

"1. The post-hearing attempt at introduction of unsupported medical and lay testimony in the form of an Affidavit signed by Counsel for the carrier was not considered in the review of the evidence properly submitted herein. *McDuffee v. Industrial Commission,* 15 Ariz.App. 541, 489 P.2d 1243 (1971)."

The parties have treated the decision as constituting a denial of the request for an additional hearing to present the evidence of fraud. The carrier and employer now seek review by this court of that denial.

The petitioners' contention is that the hearing judge abused his discretion by summarily denying their request for review without considering the evidence of fraud or scheduling an additional hearing to permit them to present this evidence.

We first note that by statute, the administrative law judge in ruling on the request for review, could not consider the medical reports and affidavits. A.R.S. § 23–943 E provides:

"The review shall be made by the presiding administrative law judge and shall be based upon the record and the memoranda [of points and authorities]."

Thus, the administrative law judge could not have considered the post-hearing medical and lay evidence submitted by petitioners' affidavit in arriving at a decision on the merits of claimant's claim. In fact, petitioners did not request that he do so. Rather, all that petitioners requested was that he consider their affidavit in exercising his discretion as to whether a further hearing was justified.

■ Our supreme court has said that there is no statute of limitations or rule of law which prevents the Industrial Commission from upsetting a former finding that claimant's condition was compensable when such a finding was procured by fraud. *Scott v. Wasielewski,* 89 Ariz. 29, 357 P.2d 614 (1960); *see generally Hopper v. Industrial Commission,* 27 Ariz.App. 732, 558 P.2d 927 (1976). In light of the overwhelming evidence of fraud presented to the administrative law judge, it was a clear abuse of discretion to refuse petitioners' request for a hearing.

Claimant presents several arguments to support the administrative law judge's ruling. The first is that because Dr. Reynolds found fresh disc tissue indicating a recent herniation, the medical evidence from 1975 and 1976 was irrelevant to his opinion that the herniation was industrially related. In effect, with this argument the claimant attempts to sidestep his false testimony by arguing that his untruthfulness was non-prejudicial.

The medical evidence submitted to the hearing judge established that the claimant had been hospitalized for chronic, severe back pain and that diagnoses of discogenic disease and of a probable herniated disc at L–5–S–1 were rendered. The claimant's deceit was therefore related to the very condition for which he claimed benefits, not to some collateral matter. Additionally, the true medical evidence shed light on the issue of claimant's credibility. Since Dr. Reynolds relied upon the history given him

by the claimant, evidence of claimant's credibility was highly relevant. Therefore this past medical history unquestionably shed light upon the issues involved and should have been considered. *See Arizona State Welfare Department v. Industrial Commission,* 25 Ariz.App. 6, 540 P.2d 737 (1975).

Claimant next argues that the hearing judge's decision was proper because the petitioners' medical evidence was untimely submitted. As a general rule, absent compliance with A.C.R.R. R4–13–156, the fact-finding process in workmen's compensation proceedings ends at the conclusion of the last scheduled hearing. *Wood v. Industrial Commission,* 126 Ariz. 259, 614 P.2d 340 (App.1980). The rules for introducing newly discovered evidence applicable in civil cases are inapplicable in workmen's compensation cases, *Cowan v. Industrial Commission,* 18 Ariz.App. 155, 500 P.2d 1143 (1972), and, administrative review of awards pursuant to A.R.S. § 23–943 is restricted to the record, *McDuffee v. Industrial Commission,* 15 Ariz.App. 541, 489 P.2d 1243 (1971). These principles however do not apply if a claimant obtains benefits fraudulently. In that circumstance the Commission may refuse to award further compensation even though an otherwise final notice of claim status or award granting compensation has been entered. *See Scott v. Wasielewski, supra; Hopper v. Industrial Commission, supra;* 3 Larson, Workmen's Compensation Law § 81.50 (1976). We believe that this exception to finality principles applicable to notices of claim status and awards should also be applicable to rules governing the fact-finding process. If the Commission has authority to grant relief based upon fraud uncovered after a final disposition, it is not powerless to grant relief when fraud is uncovered before the disposition becomes final.

Claimant's final argument is that A.R.S. § 23–1028 is the exclusive remedy for fraudulent claims for workmen's compensation benefits. That section provides:

> "If in order to obtain any compensation, benefit or payment under the provisions of this chapter, either for himself or for another, any person knowingly makes a false statement or representation, such person is guilty of a class 2 misdemeanor, and, if the person is a claimant for compensation, benefit or payment, he shall in addition forfeit all right to such compensation, benefit or payment after conviction of the offense."

The Commission's authority, however, relates to the orderly processing of workmen's compensation claims and as noted above, this authority permits the Commission to withhold compensation when a fraudulent claim for benefits is uncovered. *See Scott v. Wasielewski, supra; Hopper v. Industrial Commission, supra; Larson, supra.* We therefore reject the argument that A.R.S. § 23–1028 is an exclusive remedy.

We conclude that the hearing judge abused his discretion by refusing to schedule an additional hearing to allow the petitioners to present the evidence of fraud and medical evidence and to question Dr. Reynolds about its effect on his opinion that the claimant's condition was industrially related. Therefore, the award is set aside.

In view of the result we have reached, claimant's request for attorney's fees on the ground that the petition for review is frivolous, is hereby denied.

EUBANK, P. J., and FROEB, J., concur.