652 P.2d 160

**ASSOCIATED GROCERS, Petitioner Employer and Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Gwendolyn J. Watkins, Respondent Employee.**

**No. 1 CA–IC 2609.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 10, 1982.

Rehearing Denied Sept. 13, 1982.

Review Denied Oct. 19, 1982.

Glen D. Webster, Jr., Phoenix, for petitioner employer and carrier.

Ely, Bettini & Ulman by Joseph M. Bettini and Judy C. Bishop, Phoenix, for respondent employee.

James A. Overholt, Acting Chief Counsel, Phoenix, for respondent The Industrial Com'n of Arizona.

OPINION

HAIRE, Judge.

In this review of an award entered by the respondent Commission in a workmen's compensation proceeding, the sole issue is whether the administrative law judge properly excused an untimely request for hearing. We affirm the award.

The petitioner employer (hereinafter employer) is self-insured, and matters relating to its workmen's compensation claims are administered by its agent, Merchants Insurance Agency, Inc. The claims administration agent and the employer are sometimes hereinafter collectively referred to as "employer."

Since approximately April 1980 and continuously thereafter, the respondent employee (hereinafter claimant) has lived in a four unit apartment complex. Each unit is identified with a letter designation.

On August 27, 1980, the claimant was injured on the job. She promptly reported the injury to her employer on a form supplied by the employer. She included her apartment's letter designation as part of her mailing address. From this initial report, the employer prepared an employer's report of injury and filed it with the Commission. *See generally* A.R.S. §§ 23–908(F), 23–1061(E). This report also included the apartment's letter designation.

Shortly thereafter, two workman's and physician's reports of injury were prepared for and signed by the claimant and filed with the Commission. These reports did not include the apartment's letter designation.

On September 15, 1980, the employer issued a notice of claim status accepting the claim for benefits. This notice did not include the apartment's letter designation. This notice was admittedly received by claimant.

On September 30, 1980, the employer mailed a notice of claim status terminating temporary total compensation to the claimant. Although this notice also did not include the apartment's letter designation, claimant admitted receiving it.

Claimant consulted an attorney on October 2, 1980. Approximately one week later, she gave him all correspondence she had received from the employer relating to the claim. On October 28, 1980, the attorney filed a letter notifying the employer that he had been retained as counsel and also filed a hearing request protesting the September 30, 1980 notice.

On that same day, October 28, 1980, the employer mailed claimant a notice of claim status terminating temporary compensation without permanent impairment. A copy of this notice of claim status was not sent to claimant's attorney. More than 90 days later, while preparing for the hearing on

the September 30, 1980 notice of claim status, claimant's attorney discovered the existence of the October 28, 1980 notice. He promptly filed a hearing request to protest it. A hearing was then scheduled to consider only the question of whether the untimely filing of the request for hearing should be excused.

At the scheduled hearing, the claimant and the employer's claims representative appeared. The claimant testified that although she could not recall whether or not she received the October 28, 1980 notice, she could recall giving her attorney every notice she had received from the claims agent. She did not give him the October 28, 1980 notice. On cross-examination, when asked about a prior admission that she had received this notice, she explained that she made this admission because she had mistakenly believed that the October 28, 1980 notice was among those she had given to her attorney.

The claims representative testified about the agent's mailing procedures. Although the agent ordinarily did not keep written documentation of mailing, the copy of the October 28, 1980 notice mailed to the Commission was received by the Commission and the copy mailed to claimant was not returned. The claims representative further testified that the agent's record of the claimant's mailing address included the apartment's letter designation, but that this designation was omitted from the October 28, 1980 notice because of clerical error.

The hearing judge thereafter issued an award excusing the untimely filing of the request for hearing. The dispositive findings supporting this award were that clear and convincing evidence established that claimant did not receive the October 28, 1980 notice of claim status and also that this notice was not mailed to claimant's last known mailing address or place of residence because the address omitted the apartment's letter designation.

On this review, the employer contends that the evidence in this case fails to satisfy the standard imposed by A.R.S. § 23–947. This statute, as amended in 1980, applies to

all notices and determinations issued after July 31, 1980. *See* Laws 1980, Ch. 246, § 41. This case presents the first opportunity to interpret the amended section, which provides as follows:

"A. A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23–1061, and such request for a hearing is filed within ninety days after the notice sent under the provisions of subsection F of § 23–1061 or within ninety days of notice of a determination by the commission, insurance carrier or self-insuring employer under § 23–1047 or § 23–1061 or within ten days of all other awards issued by the commission.

"B. As used in this section, 'filed' means that the request for hearing is in the possession of the commission. Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata to all parties. *The industrial commission or any court shall not excuse a late filing unless any of the following apply:*

"1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.

"2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.

"3. *The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.*

"C. The late filing shall not be excused under subsection B of this section if the person to whom the notice is sent or his legal counsel knew or, with the exercise of reasonable care and diligence, should have known of the fact of the notice at any time during the filing period. The late filing shall not be excused under subsection B of this section if it is shown by clear and convincing evidence that the notice was sent by mail or delivered personally to the last known mailing address or place of residence of the person to whom it is addressed and to his legal counsel, as shown on the records of the commission." (Emphasis added).

The employer's first argument is that the evidence of nonreceipt was not clear and convincing. This argument confuses the level of proof required to convince the trier of fact with the standard of review applicable on appeal.

"The purpose of the 'clear and convincing' standard is to guide the trier of fact in the consideration of the evidence. It is not a test to be applied by an appellate court in passing on the sufficiency of the evidence. . . . Therefore the finding of the trier of fact should be sustained if the evidence furnishes reasonable or substantial support therefor.

\* \* \* \* \* \*

"[I]n reviewing the sufficiency of the evidence to support the hearing officer's findings here, we must resolve all questions of credibility and state all inferences in the light most favorable to sustaining the award. Considered in such light, the question of whether the evidence offered . . . is clear and convincing is for the hearing officer to decide. As long as there is reasonable and substantial evidence in support of the result reached by the hearing officer, this Court must affirm that result."

*Hopper v. Industrial Commission,* 27 Ariz.App. 732, 734–35, 558 P.2d 927, 929–30 (1976); *accord, Groth v. Martel,* 126 Ariz. 102, 612 P.2d 1065 (App.1979); *Stevenson v. Stevenson,* 132 Ariz. 44, 643 P.2d 1014 (1982).

As we recently explained in another case involving the clear and convincing burden of proof:

"If an appellate court were to apply different standards of review depending on the burden of proof required for the particular proceeding, it would be substituting its resolution of factual issues for

that of the trier of fact. Therefore, no matter what the burden of proof required in the proceedings below, we can only review the evidence to determine if there is substantial evidence to support the conclusion of the trier of fact."
*In Re Appeal in Maricopa County, Juvenile Action,* 132 Ariz. 486, 647 P.2d 184 (App.1982).

■ In the present case, although the claimant did not directly deny receiving the notice, the hearing judge accepted her indirect denial which consisted of her testimony that she gave to her attorney every notice she had received and her explanation of her prior admission. Given the uncontradicted evidence that she did not give the October 28, 1980 notice to her attorney, there was evidence from which the hearing judge could reasonably infer that claimant failed to receive it. We therefore find substantial evidence to support his conclusion.

The employer also contends that the hearing judge erroneously found that the employer had not shown by clear and convincing evidence that it had mailed the notice to the last known address of the claimant as provided in A.R.S. § 23–947(C). In this regard, the administrative law judge found in paragraph five of the award:

"Since the NOTICE OF CLAIM STATUS did not contain the entire mailing address or place of residence there was no clear and convincing evidence that the appropriate 10/28/80 NOTICE OF CLAIM STATUS was mailed to [the] last known mailing address or place of residence."

This finding is supported by substantial evidence and the administrative law judge therefore did not err in refusing to find that the notice was properly mailed.

■ The petitioner employer for the first time raises other arguments in its reply brief in regard to the sufficiency of compliance with A.R.S. § 23–947(C). Such arguments are not properly raised in a reply brief, *see* Rule 13(c), Arizona Rules of Civil Appellate Procedure, 17A A.R.S., and will not be considered. *Camelback Contractors, Inc. v. Industrial Commission,* 125 Ariz. 205, 608 P.2d 782 (App.1980); *United Bank v.*

*Mesa N.O. Nelson Company, Inc.,* 121 Ariz. 438, 590 P.2d 1384 (1979).

For the foregoing reasons, we conclude that there was sufficient evidence to support the award excusing the late filing of the hearing request. The award is therefore affirmed.

EUBANK and CONTRERAS, JJ., concur.