NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CARLOS MOLINARES, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

CITY HEIGHTS, LLC. /OMAR MARTINEZ AND EUGENIA
PALOMINO, husband and wife, FRED C. ANDREWS AND
CYNTHIA FORD ANDREWS, husband and wife,
*Respondent Employers*,

SPECIAL FUND DIVISION/NO
INSURANCE SECTION, *Respondent Party in Interest*.

No. 1 CA-IC 14-0039
FILED 6-4-2015

---

Special Action - Industrial Commission
ICA Claim No.  20122-360418
Carrier Claim No. None
Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

---

COUNSEL

Snow & Carpio, PLC, Phoenix
By Erica González-Meléndez
*Co-Counsel for Petitioner Employee*

Toby Zimbalist, Phoenix
*Co-Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Bert L. Roos, P.C., Phoenix
By Bert L. Roos
*Counsel for Respondent Employers*

Special Fund Division/No Insurance Section, Phoenix
By Christopher O. Anderson
*Counsel for Respondent Party in Interest*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 This is a special action review of an Industrial Commission of Arizona (ICA) award and decision upon review for a claim found to be non-compensable. Claimant employee Carlos Molinares raises one issue: whether respondent employer City Heights, LLC, was subject to the Arizona Workers' Compensation Act. Because the ICA did not err in finding City Heights did not regularly employ workers at the time of Claimant's injury, the award is affirmed and City Heights' request for attorneys' fees incurred before this court is denied.

### FACTS AND PROCEDURAL HISTORY

¶2 In August 2012, Claimant fell while climbing down a ladder when painting a house in Phoenix. Claimant struck his head and right arm, and was taken to the hospital by Omar Martinez who also was working on the house. Claimant filed a workers' compensation claim, which was denied by respondent party in interest No Insurance Section. Claimant timely requested an ICA hearing, and the administrative law judge (ALJ) held an evidentiary hearing where Claimant, Martinez and others testified. After the ALJ found the claim non-compensable, Claimant timely requested administrative review. The ALJ supplemented and affirmed the award, incorporating by reference respondents' opposition to Claimant's request for review. *See Hester v. Indus. Comm'n*, 178 Ariz. 587, 589–90, 875 P.2d 820,

2

822–23 (App. 1993). This court has jurisdiction over Claimant's subsequent request for review pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(2), 23-951(A) (2015)[1] and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

**I.    The Applicable Legal Standards.**

**¶3**        This court defers to the ALJ's factual findings, viewing the evidence in a light most favorable to upholding the award. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270 ¶ 14, 63 P.3d 298, 301 (App. 2003); *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 ¶ 16, 41 P.3d 640, 643 (App. 2002). This court reviews issues of law de novo. *Young*, 204 Ariz. at 270 ¶ 14, 63 P.3d at 301.

**¶4**        To be eligible for workers' compensation benefits under the Arizona Workers' Compensation Act (Act), a worker must have been an employee of an employer subject to the Act at the time of injury. *See* A.R.S. §§ 23-901(6), -1021. Employers subject to the Act include:

> [E]very person who employs any workers or operatives regularly employed in the same business or establishment under contract of hire, including covered employees pursuant to a professional employer agreement, except domestic servants. . . .  For the purposes of this subsection, "regularly employed" includes all employments, whether continuous throughout the year, or for only a portion of the year, in the usual trade, business, profession or occupation of an employer.

A.R.S. § 23-902(A). "The Legislature used the term 'regularly employed' in section 23-902(A) to refer to *whether it is in the employer's regular or customary business to employ workers*, not to whether the employee in question is performing a task in the employer's usual trade." *Donahue v. Indus. Comm'n*, 178 Ariz. 173, 176, 871 P.2d 720, 723 (App. 1993) (emphasis added). An employer is subject to the Act when the employer regularly employs at least one employee in the regular course of the employer's business. *Id.* at 179,

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

871 P.2d at 726. The issue here is whether City Heights regularly employed at least one worker in the regular course of its business.

## II.    Claimant's Request For Judicial Notice.

**¶5**        The house where Claimant was injured was owned by Tim Stein, doing business as City Heights, and Fred C. Andrews, Jr. Claimant asks this court to take judicial notice of documents from the Maricopa County Recorder's Office evidencing other purchases by City Heights. Those records do not show that any other houses were remodeled or required hiring workers. More significantly, the fact-finding process in ICA proceedings ends at the conclusion of the last scheduled administrative hearing. *Sw. Nurseries v. Indus. Comm'n*, 133 Ariz. 171, 174, 650 P.2d 473, 476 (App. 1982). Any records not considered by the ALJ are not properly part of the record before this court, and will not be considered by this court. *See, e.g., Wood v. Indus. Comm'n*, 126 Ariz. 259, 261–62, 614 P.2d 340, 342–43 (App. 1980); *Shockey v. Indus. Comm'n,* 140 Ariz. 113, 116 n.1, 680 P.2d 823, 826 n.1 (App. 1983). Accordingly, this court denies Claimant's request for judicial notice. *See* Ariz. R. Evid. 201.

## III.    The Administrative Record Properly Supports The Award.

**¶6**        The ALJ concluded that the record contained insufficient evidence to establish City Heights regularly employed any workers. Claimant argues City Heights regularly employed workers in its business of buying, remodeling and reselling houses. The evidence considered by the ALJ admittedly conflicted, with the primary conflict being between Claimant's testimony and the testimony of the other witnesses.

**¶7**        Stein testified he formed City Heights to buy and sell houses, and City Heights purchased two houses, one of which was where Claimant was injured. Stein also owned a flooring business, Metro West Wholesale, LLC, which was initially named as a respondent but was dismissed during the hearing before the ALJ. Andrews' involvement was limited to being an investor in the house where Claimant was injured.

**¶8**        The house where Claimant was injured needed repairs before it could be sold, and Stein was responsible for securing the necessary work. Stein testified that City Heights' only business was to purchase the house for resale and that it was a side business for him as his main business was Metro West Wholesale. Stein said it was a "pretty singular" event in his career and a way to potentially make some money. But Stein added that he was not a "pro," and did not "regularly employ people" to do remodeling work.

**¶9**        Stein obtained written estimates for the work and hired contractors. Stein also hired Martinez as a general handyman from time to time. Stein testified that Martinez had a regular full-time job, so he performed the handyman work whenever his regular job allowed. Stein paid Martinez $15.00 per hour, either in cash or by City Heights check, and he reimbursed Martinez for any materials that he purchased.

**¶10**        Stein testified Martinez hung drywall at the house for a week in July 2012. Martinez requested an assistant, to be paid $10.00 per hour. Stein agreed, and told Martinez to hire someone. Martinez hired Claimant's son, but when his son's regular job prevented him from completing the work, he asked Claimant to take over. Stein also testified that he provided materials for the work, but no equipment. After a house inspection in late July, Stein asked Martinez to perform some repair work. Martinez and Claimant worked at the house on August 1, 2012.

**¶11**        Martinez largely confirmed Stein's testimony, adding that he first met Claimant at the house on July 10, 2012 but that he never drove Claimant to work in July. When Stein called Martinez to perform additional repairs, Stein told him to get a helper to complete the repairs more quickly and Martinez hired Claimant at a day laborer location on August 1, 2012. Later that day, Claimant fell from a ladder and was injured.

**¶12**        Claimant, by contrast, testified he worked at the house with Martinez, who drove him to work every morning. Claimant testified Martinez told him what work to do and when he could quit each day and paid him $10.00 per hour from money received from Stein. Claimant testified Martinez told him he had worked for Stein and Andrews for 10 years, and there would be more work available on other houses.

**¶13**        Although the ALJ did not make an express credibility finding, the ALJ supplemented the Award by specifically adopting respondents' position in their response to Claimant's request for review. By this action, and given the finding Claimant's claim was non-compensable, the ALJ resolved the conflicting evidence in favor of respondents. On this record, Claimant has not shown that was error and, having made that assessment, the record supports a finding that City Height's hiring of workers was "only occasional and unpredictable." *See Putz v. Indus. Comm'n*, 203 Ariz. 146, 150

¶20, 51 P.3d 979, 983 (App. 2002). Accordingly, the ALJ did not err in finding City Heights was not an employer subject to the Act. [2]

**CONCLUSION**

**¶14**        Because Claimant has shown no error, the Award is affirmed. Because City Heights has cited no proper authority for its request for an award of attorneys' fees before this court on this record, that request is denied.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[2] For the first time in his reply before this court, Claimant requests a remand for an additional evidentiary hearing, alluding to fraud by City Heights and citing *Sw. Nurseries v. Indus. Comm'n,* 133 Ariz. 171, 174, 650 P.2d 473, 476 (App. 1982). Because Claimant's request is untimely and because Claimant has not shown that such additional evidence could not have been presented to the ALJ at the initial hearing, the request is denied. *See* Ariz. Admin. Code R20-5-156.