NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CEDRIC WELLS, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ARIZONA PUBLIC SERVICE COMPANY, *Respondent Employer,*

PINNACLE WEST CAPITAL CORPORATION, *Respondent Carrier.*

No. 1 CA-IC 15-0085
FILED 9-27-2016

Special Action – Industrial Commission
ICA Claim No. 20011-420262
Carrier Claim No. WC 302001001431
The Honorable Michael A. Mosesso, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Cedric Wells, Holbrook
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*


Lundmark, Barberich, La Mont & Slavin, Phoenix
By Lisa M. La Mont
*Counsel for Respondent Employer and Carrier*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

¶1 This is a special action review of an Industrial Commission of Arizona ("ICA") Decision Upon Hearing and Findings and Award Reopening Claim ("Decision"). We review the record to determine whether the administrative law judge ("ALJ") erred when he found that petitioner employee Cedric Wells ("Claimant") did not suffer the additional injury of blood poisoning. Additionally, Claimant has requested that this court reopen the claim due to new medical records. Because we find that the record reasonably supports the ALJ's finding, we affirm the decision.

### FACTUAL AND PROCEDURAL HISTORY

¶2 On April 19, 2001, Claimant was employed by Arizona Public Service ("APS") at the Cholla Power Plant. Claimant was instructed to burn a barrel labeled "used oil" and was wearing only safety goggles for protection. During the burn, Claimant was exposed to high temperatures and believes he was actually burning chemicals, not oil. Claimant suffered burns to his face which were not treated for thirty-one days. Claimant reported the incident to his employer and filed a workers' compensation claim. He received benefits and the claim was closed July 9, 2001. Claimant also believes that he was exposed to heavy metals during the burn, causing numerous other ailments that were not initially diagnosed, or diagnosable.

¶3 Claimant previously filed two requests to reopen the case, each of which was denied and for each of which Claimant did not request a hearing for review. On November 6, 2014, Claimant filed another request

to reopen the claim, listing post-inflammatory hyperpigmentation and spinal stenosis as the reason. Claimant included medical records regarding the hyperpigmentation from Dr. Knutson but did not include any records regarding the spinal stenosis. The claim was denied and claimant requested a hearing to review the decision.

¶4        On February 3, 2015, Claimant had an independent medical exam performed by Dr. Selma Targovnik, a board certified dermatologist. Dr. Targovnik was provided with records of lab tests from April 2002 through September 2005. Dr. Targovnik found that Claimant suffered from post-inflammatory hyperpigmentation of the skin, causing some disfigurement to the face. Dr. Targovnik also believed that claimant should get a rating of eleven percent for a permanent facial disfigurement.

¶5        On March 24, 2015, Pinnacle West Capital Corporation ("Respondent Carrier") issued a notice accepting the reopening for determination of permanent facial disfigurement, a notice of permanent disability, and requested a determination of benefits regarding facial disfigurement. However, Claimant still wished to have a hearing to discuss additional health issues Claimant believed were related to the initial injury.

¶6        Formal hearings were held on May 5, 2015, and July 14, 2015. At the July 14 hearing, Dr. Targovnik testified as to her findings from the February 2, 2015 examination and her review of the 2002-2005 lab tests. Dr. Targovnik was questioned about Claimant's possible exposure to poisons and testified she did not find any significant abnormalities and nothing in the records provided specifically related to the skin. She also testified, however, that blood poisoning and heavy metals were not her area of expertise.

¶7        On September 2, 2015, the ALJ issued his Decision. The ALJ ordered that the claim be reopened as of November 6, 2014, and awarded Claimant medical and surgical benefits from November 6, 2014 through May 4, 2015, and temporary total or temporary partial disability compensation benefits from November 6, 2014 through May 4, 2015. Additionally, the ALJ found Claimant was entitled to benefits pursuant to Arizona Revised Statutes ("A.R.S.") section 23-1044 for a scheduled permanent partial disability to be determined by the Industrial Commission Claims Division through its administrative process regarding facial disfigurement.

¶8        Claimant accepted the awards for the facial injury and disfigurement but filed a request for review and provided the ALJ with

medical records from a September 9, 2015 medical appointment. The ALJ affirmed his decision. Claimant timely appealed. This court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(2) (2016), 23-951(A) (2012), and Rule of Procedure for Special Actions 10.

## DISCUSSION

¶9 In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003) (citation omitted). We consider the evidence in the light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002) (citation omitted), and we review the evidence only to determine if substantial evidence supported the findings, *Associated Grocers v. Indus. Comm'n*, 133 Ariz. 421, 423-24 (App. 1982) (citation omitted). We must affirm an award if any reasonable theory of evidence can support it. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988) (citation omitted). Our review is limited to "determining whether or not the commission acted without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award, order or decision." A.R.S. § 23-951(B) (2016).

¶10 To reopen a workers' compensation claim, the claimant must establish the existence of a new, additional, or previously undiscovered condition, and a causal relationship between that condition and the prior industrial injury. *See* A.R.S. § 23-1061(H) (2015); *see also Pascucci v. Indus. Comm'n*, 126 Ariz. 442, 444 (App. 1980) (citation omitted). The claimant has the burden to present sufficient evidence to support reopening. *Hopkins v. Indus. Comm'n*, 176 Ariz. 173, 176 (App. 1993) (citation omitted). When the causal connection between the condition and the prior industrial injury is not readily apparent, it must be established by expert medical testimony. *Eldorado Ins. Co. v. Indus. Comm'n*, 27 Ariz. App. 667, 670 (1976) (citations omitted); *Makinson v. Indus. Comm'n*, 134 Ariz. 246, 248 (App. 1982) (citation omitted).

¶11 Claimant believes that he was exposed to hazardous chemicals when he sustained the industrial injury on April 19, 2001, and as a result has heavy metals in his blood. Although he provided the ALJ with lab tests performed between 2002 and 2005, he did not provide the ALJ a medical professional to interpret the tests. Dr. Targovnik was the only medical professional to testify, and she reported that she did not find significant abnormalities in the lab tests, nor did she find a relationship between the lab records and Claimant's other conditions.

4

¶12    Based on the testimony and records provided by Dr. Targovnik, the ALJ found that the claim should be reopened for a permanent impairment rating and supportive care for the facial disfigurement only.  We do not find that the ALJ abused his discretion in his award to Claimant.

¶13    Claimant submitted with his request for review additional medical records for the ALJ to consider, and again submitted with his opening brief copies of medical records dated after the ALJ issued his decision.  However, the fact-finding process in workers' compensation proceedings ends at the conclusion of the last scheduled hearing. *Sw. Nurseries v. Indus. Comm'n*, 133 Ariz. 171, 174 (App. 1982) (citation omitted).  Additionally, any records not considered by the ALJ below are not properly part of the certified record on appeal, and this court will not consider documents on appeal that are not part of the certified record.[1] *See, e.g., Wood v. Indus. Comm'n*, 126 Ariz. 259, 261-62 (App. 1980); *Shockey v. Indus. Comm'n*, 140 Ariz. 113, 116 n.1 (App. 1983).

## CONCLUSION

¶14    For the foregoing reasons, we affirm the ALJ's Decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1]    Although this court will not consider the new medical records, this should not be construed to mean that Claimant cannot request a reopening of the claim with ICA if he believes a new, additional, or previously undiscovered condition exists, and there is a causal relationship between that condition and the prior industrial injury. *See* A.R.S. § 23-1061(H) (2015).