NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BRUCE TREY, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

US AIRWAYS, *Respondent Employer*,

NEW HAMPSHIRE INSURANCE COMPANY, *Respondent Carrier*.

No. 1 CA-IC 16-0065
FILED 4-4-2017

Special Action - Industrial Commission
ICA Claim No. 20151-350320
Carrier Claim No. 00572729
The Honorable Paula R. Eaton, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Bruce D. Trey, Scottsdale
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Jason M. Porter
*Counsel for Respondent*

Lundmark Barberich La Mont & Slavin PC, Phoenix
By R. Todd Lundmark, Danielle Vukonich
*Counsel for Respondent Employer and Respondent Carrier*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1             This is a special action review of an Industrial Commission of Arizona ("ICA") award and decision upon review for a continuing benefits claim.  Because we conclude the Administrative Law Judge ("ALJ") did not err in finding petitioner Bruce Trey's injury medically stationary, we affirm the award and decision upon review.

## FACTUAL AND PROCEDURAL HISTORY

¶2             At the time of injury in February 2015, Trey worked as a reservation agent for Respondent Employer, US Airways ("US Air"). Trey was injured when the back of his chair fell away, causing him to hurt his back. In April 2015, Trey's injury was aggravated when the back of another chair fell off. Trey's injury was treated with a combination of medication and four physical therapy sessions. In October 2015, Trey's claim was closed effective September 29, 2015 because he did not have a permanent disability and he abandoned treatment. Trey timely protested the closing of his claim and hearings were held to determine Trey's medical status.

¶3             Dr. JB, Trey's medical expert, testified that he did not recommend new treatments until after an MRI could be completed. Dr. JB noted that his findings were very limited and that, depending on the MRI results, he might or might not recommend further treatment. US Air's medical expert, Dr. KL, observed that Trey did not seek medical care for his back from April 2015 until Dr. KL saw Trey a year later. During his examination of Trey, Dr. KL noted that Trey had no difficulty getting on and off the exam table and could stand and sit without distress. Dr. KL did not find any indication that further treatment or supportive care was needed. In Dr. KL's opinion, Trey's claims of ongoing back pain "were in the absence of any objective findings."

¶4             The ALJ found Dr. KL's opinion to be the most credible and did not find Trey's testimony to be credible. She held that Trey's condition

was medically stationary as of September 29, 2015. The decision was affirmed upon review.

**¶5**         Trey timely filed a special action petition for review. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(2) (2016), 23-951(A) (2012), and Rule of Procedure for Special Actions 10.[1]

## DISCUSSION

**¶6**         Trey asserts three arguments on appeal: (1) the ALJ's credibility determination impermissibly considered physical characteristics that resulted from his disabilities; (2) Dr. KL's testimony is not credible because of his professional disciplinary history; and (3) the ALJ incorrectly prevented Trey from presenting one of his witnesses.

    I.      Standard of Review

**¶7**         When reviewing ICA awards and findings, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003) (citation omitted). Our review is limited to "determining whether or not the commission acted without or in excess of its power and, if findings of fact were made, whether or not such findings of fact support the award, order or decision." A.R.S. § 23-951(B) (2012). We review the evidence only to determine if substantial evidence supported the findings, *Associated Grocers v. Indus. Comm'n*, 133 Ariz. 421, 423-24 (App. 1982) (citation and quotation omitted), and we consider the evidence in the light most favorable to upholding the ALJ's award, *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002) (citation omitted). We must affirm an award if it can be supported by any reasonable theory of evidence. *Carousel Snack Bar v. Indus. Comm'n*, 156 Ariz. 43, 46 (1988) (citation omitted). We defer to the ALJ for determinations of credibility and to resolve any conflicts in expert testimony, and we will not disturb the ALJ's resolution of credibility issues and conflicting evidence unless those conclusions are wholly unreasonable. *Royal Globe Ins. Co. v. Indus. Comm'n*, 20 Ariz. App. 432, 434 (1973) (citations omitted); *Stainless Specialty Mfg. Co. v. Indus. Comm'n*, 144 Ariz. 12, 19 (1985) (citation omitted).

---

[1]      We cite to the current version of statutes unless changes material to this decision have occurred.

II.    Credibility Determination Based on Disability

¶8          Trey claims the ALJ impermissibly based her credibility determinations on the grounds of his disability. It appears Trey interpreted the ALJ's citation to *Adams v. Indus. Comm'n*, 147 Ariz. 418 (App. 1985), regarding credibility factors the ALJ is in a position to consider that a reviewing court cannot see, as a literal statement of what the ALJ considered in finding Trey not credible.[2] We construe Trey's argument to be that since those factors include conditions that he claims might be related to a disability, consideration of those factors amounts to unlawful discrimination. But there is nothing in the record that suggests that the ALJ was aware of or considered any type of disability unrelated to the work injury in assessing Trey's credibility.  The ALJ simply found that, upon a review of the totality of the evidence, Trey's testimony was not credible. We find reasonable evidence supports the ALJ's credibility determination and there is no indication of discrimination against Trey.

III.    Dr. KL's Testimony

¶9          Trey argues that the ALJ erred by finding Dr. KL's testimony to be more credible than Dr. JB's because Dr. KL had been subject to disciplinary hearings in both Pennsylvania and Arizona due to chemical dependency. We disagree.

¶10          The ALJ correctly noted that Dr. KL is qualified to testify as an expert because he is licensed to practice in Arizona and that any concerns about his disciplinary history go to the weight of his testimony, not its admissibility.[3] *Webb v. Omni Block, Inc.*, 216 Ariz. 349, 352-53, ¶ 10 (App.

---

[2]     The ALJ is better suited to consider factors such as "the tone of voice in which a witness's statement is made, the hesitation or readiness with which his answers are given, the look of the witness, his carriage, his evidences of surprise, his gestures, his zeal, his bearing, his expression, his yawns, the use of his eyes, his furtive or meaning glances, or his shrugs, the pitch of his voice, his self-possession or embarrassment, his air of candor or of seeming levity." *Adams v. Indus. Comm'n*, 147 Ariz. 418, 421 (App. 1985) (citation omitted).

[3]     We note that Dr. KL was the subject of an Arizona Medical Board disciplinary action but was reinstated to practice in 2012 subject to the Physician Health Program, a monitoring and rehabilitative program for physicians with addictions. There is no evidence that Dr. KL's diagnosis and opinion were affected by any conduct related to the discipline.

2007) (citation and quotation omitted) (noting the degree of qualification of an expert goes to the weight of his or her testimony, not its admissibility). Furthermore, it was reasonable for the ALJ to give greater credit to Dr. KL's opinion. Dr. JB only opined that it was possible Trey needed more treatment, but that an MRI was required to make any such diagnosis. In contrast, Dr. KL made more extensive findings and stated a diagnosis with reasonable medical certainty. Reasonable evidence supports the ALJ's credibility determination.

## IV. Denied Witness

¶11 Trey asserts the ALJ refused to allow JL, a witness present at Dr. KL's examination, to testify regarding Dr. KL's behavior. However, the record reflects that Trey decided not to call JL. The ALJ informed Trey at the first hearing that because she received his subpoena requests only three days before the hearing, she was not able to issue subpoenas for those witnesses. During Trey's cross-examination of Dr. KL at the third hearing, the ALJ stated that Trey could not reference statements by a witness he did not disclose and who did not testify. Trey admitted that he "should have brought [JL] around," but did not request a continuance or another hearing in which to take his testimony. The ALJ asked Trey twice if he intended to call JL as a witness, and Trey indicated he did not.

## CONCLUSION

¶12 For the foregoing reasons, we affirm the ALJ's award and decision upon review.



AMY M. WOOD • Clerk of the Court
FILED: AA