552 P.2d 453

**James B. VIGIL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Max Plambeck Masonry Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 12408–P.R.**

Supreme Court of Arizona, In Banc.

July 12, 1976.

Nancy K. Skomp, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by J. Victor Stoffa, Phoenix, for respondents employer and carrier.

STRUCKMEYER, Vice Chief Justice.

This writ of certiorari is to review the validity of an award of the Industrial Commission dismissing a petition to reopen. The Court of Appeals affirmed the award. We accepted review. Opinion of the Court of Appeals, 24 Ariz.App. 496, 539 P.2d 970 (1975), vacated. The award of the Industrial Commission is affirmed.

James B. Vigil filed a claim for workmen's compensation benefits alleging that he suffered a compensable injury. The State Compensation Fund denied the claim and Vigil timely requested a hearing. A hearing was held on May 17, 1973, at which time the following occurred:

"[VIGIL'S ATTORNEY]: Yes, I'd like to move at this time to withdraw the applicant's Request for Hearing which was filed on February 15, 1973.

THE HEARING OFFICER: All right, and you understand then that that will cause the Notice of Claim Status which denied the claim to become final?

[VIGIL'S ATTORNEY]: Yes, I do understand that, and I have explained the significance of that result to Mr. Vigil, the applicant."

The subsequent award dismissing the request for hearing became final.

On August 22, 1973, Vigil filed a Petition to Reopen Based on New, Additional or Previously Undiscovered Disability or Condition. The Industrial Commission dismissed his petition on the ground that it had no jurisdiction to consider the claim on the issue of compensability since the request for hearing had been withdrawn. Furthermore, since the previous award had become final, the determination of noncompensability was res judicata. The petition to reopen was accordingly dismissed and Vigil filed this writ of certiorari.

Any interested party may request a hearing concerning a claim. A.R.S. § 23–941. Within 30 days following the hearing, the hearing officer must make an award. A.R.S. § 23–942. The award becomes final when entered unless within 30 days after the date on which a copy of the award is mailed to the parties, one of the parties requests a review.

The facts are uncontradicted that Vigil requested a hearing and subsequently withdrew his request. The award of the hearing officer dismissing his request and vacating the cause was allowed to become final. Vigil cannot now litigate the issue of compensability. This issue was determined when he withdrew his request for a hearing and did not challenge the award. A.R.S. § 23–1061 H provides that an employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits. There is, however, no provision for "reopening" a claim determined to be noncompensable once that determination becomes final.

The award of the Industrial Commission is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.