597 P.2d 198

**AMERICAN FENCE COMPANY and Mission Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**George L. Matienzo, Respondent Employee.**

**No. 1 CA–IC 2071.**

Court of Appeals of Arizona, Division 1, Department C.

June 28, 1979.

**46**

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by J. Victor Stoffa, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Christopher J. Philips by Christopher J. Philips, Phoenix, for respondent employee.

## OPINION

HAIRE, Judge.

The issue raised on this review of an award entered by the Commission's hearing officer is whether the hearing officer may properly proceed with a hearing on the merits even though the claimant's request for hearing was filed after the claimant had executed a waiver of his right to a hearing, and in addition the request was otherwise untimely because it was not filed within 60 days after the issuance of the carrier's notice of claim status as required by A.R.S. § 23–947.

The carrier's September 21, 1977 notice of claim status specified that claimant had sustained a permanent five percent functional scheduled disability of his left arm, and that he was entitled to two and one-half months compensation for a total of $665.75, "payable when this notice becomes final." The notice further provided that if claimant did not agree with the notice, he must request a hearing within 60 days after the date of mailing of the notice. It also stated:

> "If claimant elects to waive the protest period by signing the enclosed waiver, the total sum of $665.75 will be paid immediately."

Claimant consulted with his attorney, Nick Rayes, concerning the question of whether he should sign the enclosed waiver so that he would immediately receive the full amount. Based upon that consultation, he proceeded to execute the waiver before a notary public on September 26, 1977. On that same date, his counsel forwarded the waiver to the carrier with a transmittal letter reading as follows:

> "Enclosed is the Waiver of Right of Rehearing and Appeal signed by my client, George L. Matienzo.
>
> "Please issue your check in the amount of $665.75 payable to Mr. Matienzo and myself as soon as possible and send to my office.
>
> "Thank you for your courtesy."

The waiver itself was plain and unambiguous in its terms:

"BEFORE THE INDUSTRIAL COMMISSION OF ARIZONA

| | |
|---|---|
| George L. Matienzo )<br><br>        Applicant, )<br><br>vs. )<br><br>American Fence Company, )<br><br>        Defendant Employer, )<br><br>Mission Insurance Group, Inc. )<br><br>        Defendant Insurance Carrier. )<br>_____ ) | ICA Claim No. 040–36–5307<br><br>Carrier Claim No. 533949–C<br><br><br>WAIVER OF RIGHT OF REHEARING<br>AND APPEAL |

"I, George L. Matienzo, have read and considered the terms of the Notice of Claim Status and Notice of Permanent Disability issued by Mission Insurance on the 21st day of September, 1977, and I consider them to be accurate and reasonable. Therefore, I do not wish to protest the terms of same and I hereby waive any present right to a rehearing in this matter and any present right to appeal this matter to the Arizona Court of Appeals.

     Signed by:  George L. Matienzo

NOTARIZATION

"SUBSCRIBED and sworn to before me this 26th day of September, 1977.

          [Notary Public's

          Signature]

My Commission Expires:  July 17, 1979."

■ Under these circumstances we hold that the hearing officer was required to give effect to the waiver, and that any subsequent request for hearing relating to the same notice of claim status was untimely and ineffectual. *See Pew v. Industrial Commission*, 20 Ariz.App. 113, 510 P.2d 424 (1973); *Moore v. Industrial Commission*, 12 Ariz.App. 325, 470 P.2d 473 (1970).

■ While claimant now claims that he did not completely understand his attorney's explanation of his rights, any such misunderstanding, if it in fact existed, was not contributed to in any way by the carrier, nor is there any claim of fraudulent conduct on the part of his attorney. If claimant's attorney did not adequately represent him, that is a matter for resolution between claimant and his counsel. Because of claimant's affirmative consent to finality, which was clearly and unambiguously manifested in the executed waiver, and the carrier's reliance thereon, it is our opinion that the hearing officer erred in applying the principles of *Parsons*[1] and its progeny[2] in order to relieve claimant of the consequences of his waiver.

The award is set aside.

EUBANK, P. J., and FROEB, J., concur.

---

1.  *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972).

2.  *See, e.g., Keeler v. Industrial Commission*, 122 Ariz. 16, 592 P.2d 1282 (App.1979), and cases cited therein.