651 P.2d 886

**ARIZONA PUBLIC SERVICE COMPANY, Petitioner Employer,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**William H. Martin, Respondent Employee.**

**No. 1 CA–IC 2715.**

Court of Appeals of Arizona, Division 1, Department C.

July 20, 1982.

Rehearing Denied Aug. 25, 1982.

Review Denied Sept. 28, 1982.

John S. Schaper, Phoenix, for petitioner employer.

James A. Overholt, Acting Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Law Offices of Chris T. Johnson, P. C. by Dennis R. Kurth, Phoenix, for respondent employee.

## OPINION

CONTRERAS, Judge

At issue in this special action review of an Industrial Commission award is the effect of a claimant's withdrawal of his request for hearing protesting the carrier's notice of claim status terminating temporary compensation and notice of permanent disability benefits. We hold that, under the facts presented here, when the employer/carrier brought it to the administrative law judge's attention that there had been an error in the notice of claim status and disputed issues had in fact not been resolved, the administrative law judge erred in dismissing the request for hearing. The award is set aside.

## BACKGROUND

The facts of the case are undisputed, and we will adopt, as our starting point, essentially the statement of the case and facts contained in petitioner's opening brief.

The claimant sustained an industrial injury on May 3, 1979, while employed by the self-insured petitioner, Arizona Public Service Company (APS). His claim was ac-cepted and he received benefits thereafter. On March 31, 1981, claimant was examined in group consultation by three physicians, whose report stated:

> After review of the file and the physical examination today, the consultants are of the opinion that the patient's condition with reference to the injury of 5–3–79 is stationary from an orthopedic viewpoint. Although the patient evinces evidence of pain with all activities and motion of the right upper extremity from the fingers to the shoulder, and, therefore, is not very cooperative, the approximate range of motion and the fracture into the elbow joint indicates the patient has incurred approximately a twenty percent (20%) impairment of the right upper extremity.

On May 28, 1981, petitioner issued a Notice of Claim Status terminating temporary benefits, and a Notice of Permanent Disability or Death Benefits, by which claimant was awarded scheduled compensation benefits, in accordance with the physicians' rating, of $625.00 per month for a period of 12 months, pursuant to A.R.S. § 23–1044(B)(13) and (21).

On July 8, 1981, claimant, through his attorney, filed a Request for Hearing with the Industrial Commission, alleging that his condition was not stationary, and/or that he had a greater disability than that which had been awarded. The case was then sent to the Hearing Division at the Industrial Commission, and on September 17, 1981, the administrative law judge issued a Notice of Hearing setting the matter for November 18, 1981.

On October 22, 1981, claimant's deposition was taken. He testified that he had not received workmen's compensation or other disability benefits prior to 1979, but that he had sustained an industrial injury in 1968, and had been off work for about six weeks for cartilage surgery on his knee. Petitioner's inquiry to the Industrial Commission disclosed that on March 18, 1970, the Commission had entered its Findings and Award for Scheduled Permanent Disability in Case No. NK 13552, by which it had been determined that claimant had sustained a ten

percent (10%) functional loss of the left leg, and had been awarded scheduled compensation benefits in the sum of $500.00 per month for a period of five months. The prior award entered some eleven years earlier concerned an injury sustained by claimant while working for this same petitioner employer.

On the day of the deposition, claimant's counsel directed a letter to the administrative law judge to whom the case was assigned and withdrew the request for a hearing which had been filed on July 8, 1981. The letter stated:

The Applicant understands that this action will have the effect of allowing the notice which indicated a scheduled award for a 20% right arm to become final and res judicata.

On October 23, 1981, the day following claimant's deposition, petitioner issued (1) a Notice of Claim Status which purported to rescind the prior Notice of Permanent Disability or Death Benefits which had been issued on May 28, 1981, and (2) a Notice of Permanent Disability and Request for Determination of Benefits indicating that claimant had an unscheduled permanent partial disability compensable under A.R.S. § 23–1044(C) and (D). The Notice requested the Industrial Commission to make a determination of the amount of benefits payable to claimant in accordance with A.R.S. § 23–1047.

The administrative law judge, without communicating with either counsel, then issued a Findings and Award Dismissing Request for Hearing on October 27, 1981, as follows:

### FINDINGS

On October 22, 1981 the above applicant filed a withdrawal of his REQUEST FOR HEARING; that applicant's hearing request having now been withdrawn, it reasonably appears issues to be resolved at formal hearing are now moot and/or applicant is no longer desirous of proceeding to formal hearing relative to NOTICE OF CLAIM STATUS and NOTICE OF PERMANENT DISABILITY OR DEATH BENEFITS issued by the self-insured employer on May 28, 1981; that in the premises, REQUEST FOR HEARING heretofore filed by the applicant on July 8, 1981 should be dismissed and the cause vacated and NOTICE OF CLAIM STATUS and NOTICE OF PERMANENT DISABILITY OR DEATH BENEFITS heretofore issued by the self-insured employer on May 28, 1981 should be deemed final.

### AWARD

IT IS ORDERED:

That REQUEST FOR HEARING heretofore filed by the applicant on July 8, 1981, should be, and the same hereby is, dismissed and the cause vacated; that formal hearing heretofore scheduled for November 18, 1981 in Phoenix, Arizona, should be and the same is hereby cancelled.

IT IS FURTHER ORDERED:

That NOTICE OF CLAIM STATUS and NOTICE OF PERMANENT DISABILITY OR DEATH BENEFITS heretofore issued by the self-insured employer on May 28, 1981, should be and the same are hereby deemed final.

On November 6, 1981, petitioner filed a Request for Review of the Award entered on October 27, 1981. Petitioner stated that, in the course of taking claimant's deposition on October 22, it discovered that claimant had suffered a previous industrial injury in 1968, that his 1979 injury should have been considered an unscheduled injury, and the notice of claim status had mistakenly designated it a scheduled injury. Petitioner's intimations to the contrary notwithstanding, there is nothing in the record to demonstrate that these matters were brought to the administrative law judge's attention prior to November 6, 1981.

On November 25, 1981, the administrative law judge issued a decision upon review, affirming findings and award dismissing request for hearing. That decision stated, in pertinent part:

3. On October 22, 1981 the applicant filed a withdrawal of his REQUEST FOR HEARING. At that moment, the aforesaid Notices became final, the Commission lost its jurisdiction to hold a hearing and issued the FINDINGS AND AWARD DISMISSING REQUEST FOR HEARING on October 27, 1981.

. . . .

5. The defendant employer issued the [May 28, 1981] Notice and the only timely protest filed thereto was by the applicant on July 8, 1981. It appears that the defendant employer became aware of its error on October 22, 1981, which was more than 90 days after the Notice was issued and therefore a REQUEST FOR HEARING would have been untimely. The defendant employer is now raising the argument that applicant's REQUEST FOR HEARING kept the matter open so that applicant's withdrawal of said REQUEST FOR HEARING on October 22, 1981 should not have been accepted. This is analogous to the situation in *Employer's Mutual Liability Insurance Co. of Wisconsin v. Industrial Commission,* 15 Ariz.App. 590, 490 P.2d 35 (1971) wherein the court held that opposing counsel cannot rely upon another party's subpoena request to obtain a continued hearing as a matter of right. The self-insured employer in the instant matter cannot rely on applicant's REQUEST FOR HEARING to keep this matter open indefinitely for the defendant employer as a matter of right especially, when the applicant withdraws his REQUEST FOR HEARING and the self-insured defendant employer still has not nor has ever made any protest.

. . . .

7. In *Nelson v. Industrial Commission,* 115 Ariz. 293, 564 P.2d 1260 (Ct.App.1977) an applicant filed a late Request for Hearing to a NOTICE OF CLAIM STATUS which awarded him scheduled permanent benefits rather than unscheduled permanent partial benefits. Since applicant's late Request for Hearing was not excused, the applicant argued that the insurance carrier's error rendered the No-

tice void and subject to attack at any time. The court stated:

"Our review of the cases cited by the parties reflects the importance which our courts have attached to the finality of unchallenged Commission and carrier determinations, even where they may have been incorrect. See *Talley v. Industrial Commission,* 105 Ariz. 162, 461 P.2d 83 (1969); *Saline v. Industrial Commission,* [16 Ariz.App. 204, 492 P.2d 453 (1972) ]."

8. Although most of the cases refer to an applicant's failure to timely request a hearing, obviously, the consequences are the same when the defendant employer (although a self-insured defendant employer as in the instant matter which issued its own NOTICE OF CLAIM STATUS) fails to timely request a hearing. . . . Since the information concerning applicant's prior scheduled permanent disability had to be available to the defendant employer herein in its own files, the defendant employer was obviously aware that it had no excuse to file a late Request for Hearing and attempted to circumvent the statute by issuing a new NOTICE OF CLAIM STATUS rescinding a NOTICE OF CLAIM STATUS which had already become final.

9. The FINDINGS AND AWARD DISMISSING REQUEST FOR HEARING heretofore entered on October 27, 1981 is fully supported by the evidence and is hereby affirmed.

This special action review follows.

## THE EFFECT OF THE WITHDRAWAL

Claimant contends, and petitioner concedes, that the current practice before the Commission is to enter an award dismissing the request for hearing upon receipt of a withdrawal of that request, without any inquiry as to whether in fact the disputed issues have been resolved. The Arizona Workmen's Compensation Law, A.R.S. §§ 23–901 *et seq.* neither expressly authorizes nor expressly prohibits the withdrawal of a request for hearing. A.R.S. § 23–941(C) provides:

§ 23–941. Hearing rights and procedure

. . . .

C. The commission shall refer the request for the hearing to the administrative law judge division for determination as expeditiously as possible. The presiding administrative law judge may dismiss a request for hearing when it appears to his satisfaction that the disputed issue or issues have been resolved by the parties. Any interested party who objects to such dismissal may request a review pursuant to § 23–943.

The parties have argued at some length the practical consequences of requiring the administrative law judge to undertake some kind of investigation to determine whether disputed issues have been resolved before dismissing a request for hearing. However, we believe that a resolution of that issue is not necessary to the disposition of this case. Petitioner's challenge is directed not so much at the award dismissing the request for hearing, but more particularly at the decision on review affirming that award. Regardless of whether petitioner had an opportunity to set forth its position before the award, it did have and utilize the opportunity to do so during the administrative review process. The record discloses that the facts of the case and the parties' legal positions were before the administrative law judge at the time of the decision affirming the award. We note that petitioner brought the matter to the administrative law judge's attention within not more than two weeks after discovering its error.

■ Several general principles regarding the effect of a request for hearing are not disputed. If no request for hearing is filed, the notice of claim status issued by the carrier is considered to be final and to have res judicata effect. A.R.S. § 23–947(B); *Phoenix Cotton Pickery v. Industrial Commission,* 120 Ariz. 137, 584 P.2d 601 (App.1978); *Nelson v. Industrial Commission,* 115 Ariz. 293, 564 P.2d 1260 (App. 1977). In filing a request for hearing, a claimant need not specify the grounds, and a timely request opens the whole matter for consideration by the Commission. *Parkway*

*Mfg. v. Industrial Commission,* 128 Ariz. 448, 626 P.2d 612 (App.1981). It has been said that the Commission then has "a positive duty to enter into such further proceedings as will result in a proper award". *Kuchinski v. Industrial Commission,* 11 Ariz.App. 26, 28, 461 P.2d 505, 507 (1969). If a hearing is held, the subsequent award is res judicata as to all issues which were, or could have been, litigated at the hearing. *Capitol Foundry v. Industrial Commission,* 27 Ariz.App. 79, 551 P.2d 69 (1976).

■ However, to the extent that petitioner argues that a request for hearing automatically and invariably necessitates a hearing, we disagree. We do not intend to disturb the practice of negotiating settlements of disputed claims, and then withdrawing the request for hearing. *See Vigil v. Industrial Commission,* 113 Ariz. 292, 552 P.2d 453 (1976); *Gray v. Industrial Commission,* 24 Ariz.App. 499, 539 P.2d 973 (1975), *approved and adopted,* 113 Ariz. 296, 552 P.2d 766 (1976). In the event of a settlement, A.R.S. § 23–941(C) authorizes the administrative law judge to dismiss the request for hearing, even without a formal withdrawal. Nor do we intend to prohibit a claimant who, for any reason, chooses to withdraw his request for hearing and not pursue his claim even though he may not agree with the carrier's position, from doing so. Under such circumstances, when the carrier and the claimant concur in, or the claimant accedes to, the carrier's determination, we see nothing improper in entering an award dismissing the request for hearing. Furthermore, we do not intend to impose on the administrative law judge any affirmative duty to conduct his own independent investigation to determine whether there has been a resolution of disputed issues. We believe that, in the absence of evidence to the contrary, the administrative law judge is entitled to take a withdrawal of a request for hearing at face value and act accordingly.

However, we do not believe that a general policy of favoring bona fide settlements of disputes whenever possible and permissible, *see Gray, supra,* or a general policy

favoring finality, extends to the situation here. A.R.S. § 23–941(C) contemplates dismissal on the basis of a settlement or a resolution of disputed issues. In some cases, such a settlement will be apparent from the withdrawal itself or from other documents in the Commission file. In other cases, there may simply be nothing to contraindicate a bona fide settlement. But in this case, it was apparent that there had been no settlement, but only an attempt by claimant to bind the employer/carrier to an earlier mistaken determination. We believe that the policy in favor of settlements, to the extent that it is even brought into play here, is outweighed by a policy in favor of a resolution on the merits. We strongly disapprove of the disposition of claims by means of a footrace to the Commission.

■ From the decision on review, it is obvious that the administrative law judge believed that, had petitioner timely discovered its error, it could have kept the scheduled/unscheduled issue before the Commission by filing its own request for hearing. This would indeed be an anomaly. We know of no authority for a carrier to protest its own notice of claim status, nor of any procedural mechanism for doing so. We note that the notice of claim form approved by the Commission for carrier use includes a notice to the claimant of the necessity of filing a request for hearing within 90 days but no directions to the carrier concerning the correction of mistakes contained in its own notice. In light of the absence of any such procedures, we believe that a carrier should not be deprived of an opportunity to correct an error and litigate the issues by the claimant's withdrawal of his request for a hearing, so long as such opportunity is timely sought.

We have recently held that there must be exceptions to rigid rules of finality. *Southwest Nurseries v. Industrial Commission,* 133 Ariz. 171, 650 P.2d 473 (App.1982). We noted that while

administrative review of awards pursuant to A.R.S. § 23–943 is restricted to the record, *McDuffee v. Industrial Commis-*

*sion,* 15 Ariz.App. 541, 489 P.2d 1243 (1971) [, t]hese principles however do not apply if a claimant obtains benefits fraudulently. In that circumstance the Commission may refuse to award further compensation even though an otherwise final notice of claim status or award granting compensation has been entered. *See Scott v. Wasielewski,* [89 Ariz. 29, 357 P.2d 614 (1960)]; *Hopper v. Industrial Commission,* [27 Ariz.App. 732, 558 P.2d 927 (1976)]; 3 Larson, Workmen's Compensation Law § 81.50 (1976).... If the Commission has authority to grant relief based upon fraud uncovered after a final disposition, it is not powerless to grant relief when fraud is uncovered before the disposition becomes final.

*Id.,* 133 Ariz. at 174, 650 P.2d at 476. While we do not mean to imply that claimant was fraudulently attempting to obtain compensation, we do believe that petitioner's discovery of its previous erroneous determination is as valid a reason to mitigate finality as was the carrier's discovery of the claimant's fraud in *Southwest Nurseries.* We have previously stated that "the moment an error is discovered, ... it should be corrected at the first opportunity." *Huff v. Industrial Commission,* 18 Ariz.App. 436, 440, 503 P.2d 394, 398 (1972).

The procedural setting here is fundamentally different from that in *State Compensation Fund v. McComb,* 16 Ariz.App. 303, 492 P.2d 1241 (1972). In *McComb,* the Commission issued its monthly wage award and, over two years later, the employer and carrier, having discovered an error in the computation, requested a hearing on the matter. We affirmed the denial of that request. In this case, petitioner discovered its error and communicated it to the Commission much more promptly. At the time the administrative law judge was made aware of the error, the only "award" which had been issued was the award dismissing the hearing, an award which was still in the administrative review process and which could have been reversed by the administrative law judge without disrupting the or-

derly administration of the claim. Indeed it was the dismissal of the request for hearing which interrupted the procedure in this case. Until five days before the award, the parties anticipated a hearing on the merits of the claim, in which the extent of the disability and its scheduled or unscheduled nature would have been in issue. Thus, proceeding with the scheduled hearing would not have violated res judicata principles to the same extent as the hearing sought in *McComb*.

■ In summary, we hold that when one party withdraws a request for hearing, and, either before an award dismissing the request or within the time for administrative review, the other party presents evidence so that it affirmatively appears (1) that disputed issues have not been resolved, and (2) that the party resisting dismissal has exercised due diligence in detecting the error and raising the issue, then the administrative law judge should not dismiss the request for hearing.[1]

The award dismissing the request for hearing is set aside.

EUBANK and HAIRE, JJ., concur.

1. Since we have disposed of this matter on this ground, we need not address the issue of the effect of the second notice of claim status issued by petitioner on October 23, 1981.