669 P.2d 1034

**Gary FIELD, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Olsten Temporary Services, Respondent Employer,**

**Continental Insurance Co., Respondent Carrier.**

**No. 1 CA-IC 2891.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 15, 1983.

Law Offices of Richard E. Taylor by Don F. Schaar, Phoenix, for petitioner.

James A. Overholt, Chief Counsel, The Industrial Com'n of Ariz., Phoenix, for respondent.

Jones, Skelton & Hochuli by J. Russell Skelton and Calvin Harris, Phoenix, for respondent employer and respondent carrier.

## OPINION

JACOBSON, Chief Judge.

In this special action—Industrial Commission review of an award dismissing a request for hearing pursuant to A.R.S. § 23–941(C), we are asked to determine whether the claimant's allegations of invalidity of his waiver of right to protest and appeal required further action by the commission.

The petitioner-claimant, Gary Field, sustained an industrial injury on December 19, 1978, while employed by respondent, Olsten Temporary Services, and his claim was accepted by the employer's carrier, Continental Insurance Company. Benefits were paid until June 1979 when the claim was closed. The claim was then reopened in June of 1980. On July 22, 1981, the carrier issued a notice of claim status closing the reopened case with no earning capacity disability. However, the carrier did indicate on a notice of permanent disability, also issued on July 22, 1981, that the claimant had sustained unscheduled permanent physical impairment.

The Industrial Commission entered a loss of earning capacity award for unscheduled permanent partial disability on August 27, 1981. In that award, the Industrial Commission found that the claimant had sustained a ten percent scheduled general physical impairment related to the industrial injury and, as a result, had sustained a loss in earning capacity of 56.69% which entitled the claimant to $165.00 per month for unscheduled permanent partial disability benefits.

The carrier protested the Industrial Commission award contending that the claimant had sustained no loss of earning capacity as a result of his physical impairment. Concurrently, the claimant requested the Indus-

trial Commission to commute his permanent disability benefits to a lump sum.

Thus, the carrier had challenged the Industrial Commission's determination that petitioner had a significant loss of earning capacity; and, at the same time, the claimant desired to receive a lump sum payment for his loss of earning capacity. During this period, the claimant and the carrier entered into an agreement whereby the claimant would receive $5,000.00 and the carrier would drop its challenge to the August 27, 1981, award of the Industrial Commission. In return, the claimant agreed to stipulate that he had no loss of earning capacity as a result of the injury. Based on the agreement of the parties, the Industrial Commission entered an amended award on November 25, 1981 which found no loss of earning capacity. On that date, the claimant executed a waiver of his right to protest or appeal from the amended award which found no loss of earning capacity.

The claimant, who had been representing himself in these proceedings, obtained the services of an attorney during what would have been the ninety day protest period pertinent to the amended award. On claimant's behalf, counsel filed a request for hearing against the amended award.

The carrier filed a motion to dismiss based on the claimant's waiver of any protest to the amended award.

In the response to the motion to dismiss, the claimant alleged that if allowed to testify he could show that he signed the waiver under duress and also while under the influence of medication which affected his judgment. He asserted that he would not have signed the waiver except for extreme circumstances, including the fact that he was living in the desert in a broken down automobile, and that he executed the waiver in an effort to get some money so that he could find a place to live. The response notified the administrative law judge that John P. Kelly, M.D., who was claimant's treating physician would testify in regard to these issues.

Without conducting an evidentiary hearing, the administrative law judge entered a

Findings and Award dismissing the hearing request under the authority of A.R.S. § 23–941(C) which provides:

The commission shall refer the request for the hearing to the administrative law judge division for determination as expeditiously as possible. *The presiding administrative law judge may dismiss a request for hearing when it appears to his satisfaction that the disputed issue or issues have been resolved by the parties.* Any interested party who objects to such dismissal may request a review pursuant to § 23–943. [Emphasis supplied.]

In support of the award, the carrier contends that the claimant did not provide sufficient information in his response to raise issues not already resolved in the pleadings and the record and that the claimant's response to the motion to dismiss did not clearly delineate what medical testimony would be available which would have relevance to his mental state at the time he executed the waiver of appeal rights to the amended loss of earning capacity award. In essence, the carrier contends that the claimant was required to come forward with sufficient evidence to justify the convening of a hearing.

█ While it is true that A.R.S. § 23–941(C) allows the administrative law judge to dismiss a request for hearing when it appears to his satisfaction that all of the disputed issues have been resolved, this action should not be taken when disputed issues are apparent in the record. *Arizona Public Service Company v. Industrial Commission,* 133 Ariz. 358, 651 P.2d 886 (1982).

*Arizona Public Service Company* involved a claimant who sought to benefit from an error in a notice of claim status by withdrawing his own request for a hearing against the notice. This court held that the timely filing of a request for hearing opened all issues pertinent to the notice and that it was error to automatically dismiss the request for hearing, based on the claimant's withdrawal, *once the carrier had brought to the attention of the administrative law judge that unresolved disputed issues existed.*

█ In the present case, we find that sufficient allegations were made in the response to the motion to dismiss to place the validity of the waiver executed by the claimant in question and that further evidentiary proceedings were required before the matter could be considered resolved. Since the settlement agreement and execution of the waiver constituted a contract between the parties, the duress or mental incompetency necessary to invalidate those agreements must be sufficient to invalidate a contract. *See Dunbar v. Dunbar,* 102 Ariz. 352, 429 P.2d 949 (1967); *Hendricks v. Simper,* 24 Ariz.App. 415, 539 P.2d 529 (1975).

█ The claimant asserted extreme duress, medication affecting judgment, and the availability of a physician to testify. If petitioner was incompetent or under duress or medication to such a degree that the waiver is in fact invalid, the carrier may not take advantage of this circumstance through the technical application of A.R.S. § 23–941(C) to the existing record. To dismiss the request for hearing, pursuant to A.R.S. § 23–941(C), based solely on a review of the record was, in view of these significant allegations concerning the validity of the waiver, an incorrect application of the statute. The timely request for hearing directed against the amended loss of earning capacity award brought these issues into question and could not be resolved on the basis of the record. While it is true that under Rule 41, Rules of Procedure for Workmen's Compensation Hearings Before the Industrial Commission of Arizona, the administrative law judge can require a prehearing showing of the evidentiary basis for allegations made, that procedure was not invoked here. We therefore reject the carrier's contention that the claimant was required to make this showing before a hearing could be convened.

In *American Fence Company v. Industrial Commission,* 123 Ariz. 45, 597 P.2d 198 (App.1979), this court reversed an award of the Industrial Commission which applied late filing criteria to allow a claimant to

change his mind and request a hearing after he had executed a waiver to the contrary. Initially, we observe that the case at bar is not a late filing case. The request for hearing filed against the amended award was filed within the normal ninety day protest period. Thus, the question of whether late filing criteria should apply is not relevant.

The facts presented here differ in other respects from those in *American Fence*. In *American Fence*, the claimant did not allege that he had signed the waiver under duress or under circumstances affecting his mental judgment. Here, as we have discussed, the claimant has raised issues which bear upon his ability to competently execute a waiver.

In setting this award aside, this court makes no comment on the merits of the claimant's allegations that he was not competent to execute a valid waiver and that the duress he suffered invalidated his agreements. We merely hold that the allegations in the response to the carrier's motion to dismiss were sufficient to defeat the motion to dismiss.

For the reasons stated above, the award dismissing the request for hearing is set aside.

BROOKS, P.J., and CORCORAN, J., concur.