702 P.2d 717

James **FRAZIER**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA**, Respondent,

**No Insurance, Respondent Carrier,**

**Bill E. French, Respondent Employee.**

**No. 1 CA–IC 3059.**

Court of Appeals of Arizona,
Division 1, Department B.

May 9, 1985.

Publication Ordered June 18, 1985.

Review Denied Aug. 20, 1985.

Dee-Dee Samet, P.C. by Dee-Dee Samet, Tucson, for petitioner.

The Industrial Commission of Arizona, Dennis P. Kavanaugh, Chief Counsel by Sandra A. Day and Lorraine Friedman, Phoenix, for respondent.

Robert J. Hoyt, P.C. by Michael E. Larkin, Tucson, for respondent employee.

## OPINION

JACOBSON, Chief Judge.

The facts in this review of an Industrial Commission award are as follows. On April 9, 1981, the alleged employee, Bill E. French, (claimant) suffered an injury to his eye. The claimant maintained he was working for James Frazier, the alleged employer (petitioner) constructing a wall when a line snapped and struck the claimant in the eye. The petitioner maintained the claimant was not working for him but rather, he was "just hanging around". The petitioner did not have Worker's Compensation insurance.

The claimant filed a claim for benefits in January, 1982 which resulted in a finding of a noncompensable claim. The claimant then filed a request for hearing. At the first hearing on this matter the petitioner was not present. However, counsel for the No Insurance Fund of the Industrial Commission was present and defended the action in which an award for a compensable claim was issued. Counsel for the Industrial Commission then requested a late lay witness subpoena which was granted and a second hearing was held. At this second hearing the petitioner was present but was not represented by his own counsel. After this second hearing, the award was affirmed and the petitioner then retained counsel who requested a review of the award. After fully reconsidering the mat-

ter, the administrative law judge affirmed the finding of a compensable claim.

The petitioner, for the first time on appeal, argues the Industrial Commission did not have jurisdiction to enter its award. He maintains that since the initial finding of a noncompensable claim was issued October 27, 1982 and the request for hearing was not filed until January 26, 1983, the request was filed one day after the 90 day time limitation set forth in A.R.S. § 23–947. The petitioner argues that A.R.S. § 23–947, as amended in 1980, provides only certain limited exceptions in which the commission may act if a request for hearing is not filed within 90 days. From this premise, the petitioner argues that the limitation period is now a jurisdictional bar which may be raised for the first time on appeal. We disagree.[1]

Prior to the decision in *Parsons v. Bekins Freight*, 108 Ariz. 130, 493 P.2d 913 (1972), the failure to timely file after notice from the Industrial Commission deprived the Commission of jurisdiction to further consider the matter. *Russell v. Industrial Commission*, 104 Ariz. 548, 456 P.2d 918 (1969). The *Parsons* court receded from this strict position and excused late requests where there was a meritorious reason for the untimely filing, the delay was not excessive and the carrier was not prejudiced. *Andrew v. Industrial Commission*, 118 Ariz. 275, 576 P.2d 134 (1978). As a result, the time limit for filing a request for hearing pursuant to A.R.S. § 23–947 was an affirmative, rather than a jurisdictional defense. *Stange v. Industrial Commission*, 120 Ariz. 241, 585 P.2d 261 (1978). Therefore, the defense was waived if not raised at the first hearing. Id.

■ In 1980, the legislature amended both A.R.S. § 23–1061 (one year time limit for filing a claim) and A.R.S. § 23–947, and

provided for certain limited exceptions which would excuse a late filing. We recognize that A.R.S. § 23–1061(D) expressly requires the defense of an untimely filing to be raised at the first hearing, therefore, it is an affirmative defense[2]. In contrast, A.R.S. § 23–947 contains no such requirement. However, we have recognized that even in the absence of a statutory mandate, a nonjurisdictional defense may be waived if not raised at the appropriate point in the proceedings. *Magma Copper Co. v. Industrial Commission*, 139 Ariz. 38, 676 P.2d 1096 (1983). That is, "it is not the statutory requirement that the defensive matter must be raised that makes a particular defense jurisdictional," rather, "a defense is nonjurisdictional where the court has power to adjudicate a claim even though the defense be factually established." Id. at 45, 676 P.2d at 1103.

A.R.S. § 23–947(B) provides:

... [T]he industrial commission or any court shall not excuse a late filing unless any of the following apply:

1. The person to whom the notice is sent does not request a hearing because of justifiable reliance on a representation by the commission, employer or carrier.

2. At the time the notice is sent the person to whom it is sent is suffering from insanity or legal incompetence or incapacity, including minority.

3. The person to whom the notice is sent shows by clear and convincing evidence that the notice was not received.

■ Therefore, even though it may be factually established that a request for hearing was untimely, a court would have the power to adjudicate the claim if there was reliance, or incapacity or lack of notice.

---

1. The claimant argues the request was timely since it was filed within 90 days after receipt by his counsel on October 28, 1982, citing *MRF Construction Company v. Industrial Commission*, 111 Ariz. 466, 532 P.2d 528 (1976). While we believe *MRF Construction* to be limited to the facts of that case, we need not reach this issue.

2. We are not unmindful of this court's decision in *McKaskle v. Industrial Commission*, 135 Ariz. 168, 659 P.2d 1313 (1983) which indicated, in dicta, that under A.R.S. § 23–1061 a late filing is a jurisdictional bar and not an affirmative defense. In light of A.R.S. § 23–1061(D) reliance on this dicta would be misplaced.

*See Holler v. Industrial Commission*, 140 Ariz. 142, 680 P.2d 1203 (1984). Since the court, under certain circumstances, may excuse a late filing, such time limitations are not jurisdictional.

Support for this holding may be found in A.R.S. § 23–947(B) itself which provides: ... Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier, or self-insuring employer is final and *res judicata* to all parties. (emphasis added)

We have previously found that in civil litigation such matters as estoppel and *res judicata* are affirmative defenses which must be specifically pled. *Hughes Aircraft Co. v. Industrial Commission*, 125 Ariz. 1, 606 P.2d 819 (1980); Rule 8(d), Arizona Rules of Civil Procedure. While these rules do not necessarily apply to Industrial Commission actions, "the rationale for the requirement that such issues be raised before the fact finding tribunal or be deemed waived are equally applicable to both proceedings—to avoid surprise and to enable the fact finder to focus upon the evidentiary issues presented." Id. at 4, 606 P.2d at 822; *see also Magma Copper, supra.*

This reasoning is applicable here and we therefore hold the defense of the limitation period in A.R.S. § 23–947 comes too late if raised for the first time on appeal. Here, such is the case and it therefore has been waived.

The petitioner next argues that the notice of the initial hearing was sent to the wrong address and was therefore infirm. However, the record shows the petitioner had conversations with counsel for the No Insurance Fund regarding the hearing. Moreover, a subpoena was issued to the petitioner for this first hearing and at the second hearing on May 26, 1983, he admitted receiving the subpoena prior to the first hearing. The facts indicate the petitioner had adequate notice of the first hearing.

The petitioner next argues that affidavits submitted after the second hearing are sufficient to show fraud and a new hearing should have been granted. These affidavits essentially contradicted the respondent's testimony that he was an employee. The petitioner maintains that *Southwest Nurseries v. Industrial Commission*, 133 Ariz. 171, 650 P.2d 473 (1982), requires a reversal on this issue.

In *Southwest Nurseries*, the administrative law judge refused to consider affidavits of newly discovered evidence which indicated the claimant perjured himself. We found this refusal an abuse of discretion. Here, in contrast, the administrative law judge specifically found:

4. The affidavits submitted by the defendant employer are not clear and convincing evidence of fraud but rather appear to be an intent to have a further hearing scheduled for the purpose of subpoenaing witnesses whose testimony would corroborate the defendant employer's testimony of May 26, 1963, which essentially was that the applicant was not an employee. This conflict of testimony has been previously resolved on two occasions in favor of the applicant and should not be subject to further litigation. Further, the defendant employer had ample opportunity to request subpoenas to be issued for witnesses who would testify on his behalf. However, because of lack of due dilligence, he had not done so.

Based upon this finding, *Southwest Nurseries, supra*, is inapplicable. Moreover, we have recently found that rather than merely showing discrepancies in testimony, affidavits in support of a request for another hearing must show overwhelming evidence of fraud. *Mother Tucker's Food Experience and Insurance Company of North America v. Industrial Commission*, 142 Ariz. 496, 690 P.2d 797 (1984). We find no such evidence here.

The petitioner next argues that since the Industrial Commission wrote to him, stating that he had a right to counsel but that their interests were similar and the Commission would be defending in the action, he was misled into believing he did not

have to defend the action himself. Also, the petitioner argues the Commission should have advised him of his potential liability.

We find the petitioner's first position factually meritless. As to the second, the facts indicate the petitioner had at least one other employee and, therefore, as an employer, is presumed to know the law. *See* A.R.S. § 23–961, 23–1065 and 23–907. This argument is similarly without merit.

The petitioner lastly argues that the administrative law judge improperly restricted examination dealing with a hospital admission form. It is settled the administrative law judge has considerable discretion in regard to evidentiary questions in Industrial Commission hearings. *Toto v.*

*Industrial Commission,* 698 P.2d 753 (1985); *Epperson v. Industrial Commission,* 26 Ariz.App. 467, 549 P.2d 247 (1976). Here, our review of the record shows the administrative law judge did not in fact restrict examination or abuse his discretion.

The award is affirmed.

KLEINSCHMIDT, P.J., and GREER, J, concur.