750 P.2d 17

**MARRIOTT CORPORATION,**
Petitioner Employer,

**Marriott Corporation, c/o Crawford & Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Maria Valenzuela, Respondent Employee.**

**No. 1 CA–IC 3521.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 7, 1986.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.C. by J. Victor Stoffa, Phoenix, for petitioner employer/carrier.

Dennis P. Kavanaugh, Chief Counsel, The Indus. Com'n of Arizona, Phoenix, for respondent.

Ely, Bettini & Ulman by Catherine A. Fuller, Phoenix, for respondent employee.

## OPINION

FROEB, Chief Judge.

This is a special action review of an Industrial Commission award dismissing one hearing request and accepting the withdrawal of another. This finalized an average monthly wage determination without a hearing on the merits. We must decide whether the limitations period governing hearing requests applies to the dismissed request, which admittedly was filed after the limitations period but before the withdrawal of the other timely hearing request. We also must decide whether the withdrawal was proper because the alleged miscalculation was not diligently discovered. Because the limitations period applies and the second question was first raised on appeal, we affirm the award.

The respondent employee (claimant) injured her right arm at work. The self-insured respondent employer (Marriott) accepted the claim and also recommended an average monthly wage based on the claimant's actual earnings during the month before the industrial injury. On May 6, 1985, the Industrial Commission (Commission) issued an average monthly wage determina-tion adopting this recommendation. This determination included the standard notice concerning the ninety-day protest period. On July 30, 1985, the claimant timely requested a hearing, asserting that the average monthly wage was too low. A hearing was subsequently set for late December.

On November 1, 1985, Marriott's counsel deposed the claimant. After this deposition, counsel requested additional wage information from Marriott. Marriott responded in early December with information revealing that the claimant's hours of employment varied from week to week. Counsel filed this information with the Commission on December 6 and 12, 1985.

The claimant's counsel then requested and was granted a continuance of the original hearing until January 8, 1986. On January 6, 1986, Marriott's counsel notified the administrative law judge in writing of his conclusion that the May 6, 1985, determina-tion overstated the claimant's average monthly wage:

> From the foregoing, it is quite apparent that the average monthly wage has been set too high in this case and, in fact, approximately $93.00 too high. For that reason, please regard this letter as our protest to the Industrial Commission's NOTICE OF AVERAGE MONTHLY WAGE issued on 5/6/85 as well as our request to be credited with any over-payment that may have resulted from the previous overly generous calculation of claimant's average monthly wage. We have, at all times, been acting in reliance upon claimant's Request for Hearing but, at this time, wish to former-ly make known our protest to the calcula-tion as well as our request for a hearing to determine the appropriate average monthly wage.

The following day, the claimant filed a written withdrawal of her hearing request.

The hearing occurred as scheduled on January 8th. The administrative law judge questioned both counsel. The claimant's counsel explained her withdrawal. Marriott's counsel then explained his discovery of the alleged miscalculation on January 3, 1986:

It was at that point when I had an opportunity to research the case law to add up all the figures to find everthing out and it was at that point that I also dictated the correspondence that went out to you on January 6 as well as the request for hearing that was filed that same day.... When I first viewed the carrier's notice of average monthly wage evaluation ... it looked facially to be correct to me and I had not suspected the error until in the past months I got the documentation I had requested of my client and ultimately had a chance to sit down and review the case law and add up the numbers.

The administrative law judge then granted the claimant's withdrawal:

It's my determination that based on the fact that the Commission's average monthly wage, they accepted the figures set forth by the carrier, that under Arizona Public Service the carrier hadn't shown due diligence in discovering this mistake I am going to accept the withdrawal.

The administrative law judge subsequently issued the award dismissing Marriott's hearing request for untimeliness. After affirmance on administrative review, this special action followed.

On review, Marriott's primary position is that the limitations period does not apply to its hearing request. The claimant answers by denying that Marriott had a right to protest the average monthly wage determination. We reject both positions.

The limitations statute provides in relevant part:

A. A hearing on any question relating to a claim shall not be granted unless the employee has previously filed an application for compensation within the time and in the manner prescribed by § 23–1061, and such request for a hearing is filed ... within ninety days of notice of a determination by the commission, insurance carrier or self-insuring employer under ... § 23–1061....

B. Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata to all parties.

A.R.S. § 23–947.

■ The claimant asserts that A.R.S. § 23–947(A) permits only employees to request a hearing. We recently rejected this literal interpretation: any interested party, including the employer, may request a hearing. *See Wilson v. Industrial Commission*, 147 Ariz. 261, 709 P.2d 895 (App. 1985). Furthermore, although *Wilson* concedes that the subsection "states that an 'employee' must file a request for hearing within 90 days of a notice," we doubt this concession. The term "employee" is the subject of the predicate "has previously filed an application ...," not the predicate "and such request for a hearing is filed...." Because the subsection shifts from active to passive voice, the subject of the second clause is not expressly limited to employees.

The claimant also relies on the Industrial Commission rule governing employer protests. *See* A.C.R.R. R4–13–129(A). This rule purports to limit the employer's right to protest its carrier's action. *But cf. Gila Valley Block Co., Inc. v. Industrial Commission*, 120 Ariz. 264, 585 P.2d 572 (App. 1978) (rules thirty-day limitations period unconstitutional). It does not regulate an employer's protest of a commission determination.

Finally, the claimant relies on the ten-day protest notice included in Marriott's original average monthly wage recommendation. This notice concerned the right to supply additional information before the Commission's determination. It did not regulate the right to protest the average monthly wage determination itself.

■ We therefore conclude that Marriott had the right to protest the May 6, 1985, monthly wage determination. Marriott concedes, however, that it filed its request after the ninety-day limit and that the statutory excuses for late filings are inapplicable. It nevertheless asserts its protest should not be dismissed because it filed its hearing request before the claimant withdrew her timely request.

■ We disagree that the claimant's timely hearing request protected Marriott from the limitations period. The parties had an equal right to protest, but the limitations period equally restricted this right. One party's timely exercise of the protest right does not expand the right of the other.

Marriott correctly asserts that a timely protest "set[s] aside or vacate[es]" the protested determination, thereby preventing it from becoming final. *Russell v. Industrial Commission,* 104 Ariz. 548, 552–53, 456 P.2d 918, 922–23 (1969); *accord Le Duc v. Industrial Commission,* 116 Ariz. 95, 567 P.2d 1224 (App.1977). But it does not follow, as Marriott asserts, that a protested determination is subject to an additional, untimely protest. The only valid implication is that the protested award will not affect the ultimate hearing on the merits. *Cf. Le Duc v. Industrial Commission,* 116 Ariz. at 98, 567 P.2d at 1227 ("This determination [of lost earning capacity], if not protested, can, of course, become final and binding, but like any other interim award of the commission, once it is protested, it becomes a nullity and cannot, in and of itself, afford any evidentiary basis of future awards.")

We therefore conclude that the ninety-day limitations period applied to Marriott's hearing request. Because this request was untimely and unexcused, the administrative law judge properly dismissed it.

■ Marriott next asserts that the administrative law judge should not have accepted the withdrawal of the claimant's hearing request. It first argues that its reliance upon the claimant's hearing request prevents the withdrawal. Marriott primarily relies on the following dictum:

> We observe that the petitioner, after the timely filing of a request for hearing had expired, could not have unilaterally withdrawn his timely request for hearing had the ... [carrier] urged that but for the petitioner's timely request ... [it] would have made its request for a hearing.

*Pew v. Industrial Commission,* 20 Ariz. App. 113, 116, 510 P.2d 424, 427 (1973). Assuming arguendo that this is a correct statement of principle, *but cf. Employers Mutual Liability Insurance Co. of Wisconsin v. Industrial Commission,* 15 Ariz. App. 590, 490 P.2d 35 (1971) (party cannot rely on opponent's subpoena request), we disagree that it applies to reliance occurring after the expiration of the limitations period for filing a hearing request. In the present case, there is no evidence that Marriott would have timely filed its request but for the claimant's timely request. Indeed, the opening brief concedes that Marriott first suspected a miscalculation after it deposed the claimant, many months after the limitations period had expired.

Marriott also relies on an isolated quotation from *Frazier v. Industrial Commission,* 145 Ariz. 488, 490, 702 P.2d 717, 719 (1985) ("[E]ven though it may be factually established that a request for hearing was untimely, a court would have the power to adjudicate the claim if there was reliance...."). This quotation, however, related back to the statutory excuses for an untimely filing, which include "justifiable reliance on a representation by the commission, employer or carrier." *Frazier,* 145 Ariz. at 488, 702 P.2d at 717 (citing A.R.S. § 23–947(B)(1)). *Frazier* therefore does not apply to Marriott's alleged reliance on the claimant's timely hearing request.

Marriott next argues that the withdrawal was improper because the administrative law judge mistakenly applied *Arizona Public Service Co. v. Industrial Commission,* 133 Ariz. 358, 651 P.2d 886 (App.1982). In the latter case, the self-insured employer issued a notice for a scheduled disability. The employee protested, asserting that the impairment rating was too low. At the employee's deposition on October 22, 1981, the employer discovered that the employee had suffered a prior industrially related scheduled disability, hence, his current disability was unscheduled as a matter of law. *See generally Ronquillo v. Industrial Commission,* 107 Ariz. 542, 490 P.2d 423 (1971). That same day, the claimant withdrew his hearing request without disclosing this discovery. The following day, the employer issued a rescinding notice, but it apparently did not otherwise disclose the error to the administrative law judge. The administrative law judge subsequently per-

mitted the withdrawal and dismissed the hearing request. On administrative review, the employer informed the administrative law judge about the recently discovered error, but the administrative law judge affirmed the dismissal because the discovery occurred after the ninety-day protest period. This court set aside the award:

> [W]hen one party withdraws a request for hearing, and, *either before an award dismissing the request or within the time for administrative review,* the other party presents evidence so that it affirmatively appears (1) *that disputed issues have not been resolved,* and (2) *that the party resisting dismissal has exercised due diligence in detecting the error and raising the issue,* then the administrative law judge should not dismiss the request for hearing.

*Arizona Public Service Co. v. Industrial Commission,* 133 Ariz. at 364, 651 P.2d at 892 (footnote omitted) (emphasis added).

Marriott denies that this due diligence standard applies because it disputed the Commission's determination before the claimant withdrew her hearing request. This follows, the argument continues, because an administrative law judge has statutory authority to dismiss a hearing request only "when it appears to his satisfaction that the disputed issue or issues have been resolved by the parties." A.R.S. § 23–941(C).

■ We disagree that this factual difference is a difference in principle. The employee withdrew before the employer filed in *Arizona Public Service Co.;* the employee withdrew in this case after the employer filed. The point of *Arizona Public Service Co.,* however, is that this race should not determine substantive rights. Indeed, the due diligence principle expressly applies whether the opponent to the withdrawal raises the dispute "before an award dismissing the request or within the time for administrative review...." *Arizona Public Service,* 133 Ariz. at 364, 651 P.2d at 892.

Marriott also argues that it satisfied the due diligence requirement by communicating its discovery to the administrative law judge within three days. The due diligence requirement, however, applies not only to "raising the issue," but also to "detecting the error...." *Arizona Public Service,* 133 Ariz. at 364, 651 P.2d at 892. Marriott's argument therefore addresses only one of the elements. The administrative law judge concluded that Marriott's discovery lacked diligence. Marriot did not dispute this conclusion during the hearing, nor did it do so in the briefs filed with this court. Not until oral argument before this court did Marriott attempt to argue that the error was discovered with due diligence. We have long held that an appealing party may not urge as grounds for reversal a theory which he failed to present below. *State v. Stokes,* 143 Ariz. 590, 694 P.2d 1204 (App.1984).

For the foregoing reasons, we affirm the award. We therefore need not address the claimant's attempt to distinguish *Arizona Public Service* to support her argument that she had a unilateral right to withdraw her hearing request.

Award affirmed.

CONTRERAS, P.J., and BROOKS, J., concur.