750 P.2d 21

**MARRIOTT CORPORATION, Petitioner Employer,**

**Marriott Corporation, c/o Crawford & Company, Petitioner Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Maria Valenzuela, Respondent Employee.**

No. CV–87–0037–PR.

Supreme Court of Arizona, En Banc.

Feb. 2, 1988.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.C. by J. Victor Stoffa, Phoenix, for petitioner employer/carrier.

Dennis P. Kavanaugh, Chief Counsel, Indus. Com'n, Phoenix, for respondent.

Ely, Bettini & Ulman by Catherine A. Fuller, Phoenix, for respondent employee.

FELDMAN, Vice Chief Justice.

Marriott Corporation seeks review of an opinion by the court of appeals affirming an Industrial Commission award which allowed petitioner to withdraw her hearing request. We must determine whether an administrative law judge may cancel a hearing at the motion of the party who originally requested that hearing, even though there are known disputed issues which remain unresolved. Rule 23, Ariz.R. Civ.App.P., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. §§ 12–120.24 and 23–948.

### FACTUAL AND PROCEDURAL SUMMARY

On February 27, 1985, Maria Valenzuela (claimant) injured her right arm at work. Petitioner (Marriott), a self-insured employer, accepted claimant's benefits claim on April 18, 1985 and began payments based on an average monthly wage of $799.34. Marriott apparently arrived at this figure by simply totalling the actual wages paid to claimant in the thirty days preceding her injury. On May 6, 1985, the Industrial Commission (Commission) issued a Notice of Average Monthly Wage which adopted the figure utilized by Marriott.

Accurate ascertainment of the pre-accident average monthly wage is important because it provides a base amount for determining the amount of disability compensation payable to the claimant. A.R.S. § 23–1041(A). On July 30, 1985, claimant filed a request for hearing, asserting that the "average monthly wage [was] set incorrectly and is too low." The Commission set this issue for hearing. Before that hearing, Marriott provided its counsel with information revealing the variable nature of claimant's wage and hours of employment. Marriott's attorney filed this additional information with the Commission and sent copies to claimant's lawyer. Responding by letter to the administrative law judge (ALJ), claimant's counsel stated that one of the issues to be determined at the upcoming hearing was "Ms. Valenzuela's average monthly wage."

In a subsequent letter to the ALJ and claimant, Marriott's attorney reviewed claimant's wage history, concluding that the correct average monthly wage was only $708.60 instead of the original estimate of $799.34. Marriott thus made a formal protest and filed its own request for a hearing to ascertain the appropriate average

monthly wage.[1] The facts submitted by Marriott produced a speedy response by claimant's counsel, who asked to withdraw claimant's request for hearing.

Claimant's attorney later explained to the ALJ that the original request for hearing was filed as a protective measure because she lacked specific information on claimant's wage level and work hours. When she received the new figures from Marriott's attorney, she concluded that the $799.34 figure the Commission had set was "accurate." We interpret that to mean that because the facts now indicated the original figure was favorable, counsel was satisfied with that amount and asked the ALJ to honor her withdrawal request.

The ALJ was initially disinclined to grant claimant's withdrawal request because it appeared that Marriott's new wage computations were correct and claimant seemed to be in a "foot race to the Commission to withdraw [her hearing request] to make the original wage determination final." However, the ALJ concluded that withdrawal was proper under *Arizona Public Service Co. v. Industrial Commission*, 133 Ariz. 358, 651 P.2d 886 (App.1982), because Marriott had failed to exercise due diligence in discovering the wage errors.

Thus, the ALJ granted claimant's withdrawal request and denied Marriott's independent request for a hearing. When its subsequent request for administrative review was denied, Marriott petitioned the court of appeals for special action relief from the Commission's decision.[2] The court of appeals affirmed the award. *Marriott Corporation v. Industrial Commission*, 156 Ariz. 74, 750 P.2d 17 (App. 1986). Marriott petitions this court to review the decision of the court of appeals. Although its arguments overlap to some extent, Marriott has presented the following issues we must consider:

1. May an administrative law judge dismiss a hearing request when it is apparent that there are disputed issues raised by the original hearing request which are still unresolved by the parties?

2. In order to prevent dismissal of a hearing request, must a party show due diligence in discovering the existence of disputed issues?

## A. DISMISSAL OF HEARING REQUEST DESPITE APPARENT UNRESOLVED ISSUES

In pertinent part, A.R.S. § 23–941(C) states:

The presiding administrative law judge may dismiss a request for hearing *when it appears to his satisfaction that the disputed issue or issues have been resolved by the parties.* Any interested party who objects to such dismissal may request a review pursuant to § 23–943.

(Emphasis added.) In the present case, the parties were in open disagreement about the correct average monthly wage when they appeared before the ALJ on January 8, 1986. We agree with Marriott that by its terms A.R.S. § 23–941(C) prohibited the ALJ from dismissing claimant's request for hearing under those circumstances. *Field v. Industrial Commission*, 137 Ariz. 257, 259, 669 P.2d 1034, 1036 (App.1983). However, that is not the end of our analysis.

## B. THE "REQUIREMENT" OF DUE DILIGENCE

Claimant argues that an ALJ may grant a party's motion to withdraw a hearing request even though disputed, unresolved issues exist, if the other party was not diligent in discovering the disputed issues. This additional "requirement" of due diligence is not explicit in A.R.S. § 23–941(C), which appears to provide for resolution of disputed issues through a hearing, no matter who happened to request the hearing in the first instance or the level of diligence displayed by anyone.

---

1. That request was untimely under A.R.S. § 23–947(A).

2. In Arizona, relief formerly obtained by writs of prohibition, mandamus or certiorari is now obtained by "special action." Rule 1, Ariz.R.P.

Spec.Act, 17A A.R.S. The Arizona special action rules contain a separate provision for the review of industrial commission awards by the court of appeals. Rule 10, *id.*

The confusion in the present case appears to stem from the holding in the factually similar case of *Arizona Public Service, supra.*[3] In its concluding remarks in *Arizona Public Service,* the court of appeals suggested a procedure for determining when administrative law judges should dismiss requests for hearing:

> In summary, we hold that when one party withdraws a request for hearing, and, either before an award dismissing the request or within the time for administrative review, the other party presents evidence so that it affirmatively appears (1) that disputed issues have not been resolved, and (2) that the party resisting dismissal has exercised due diligence in detecting the error and raising the issue, then the administrative law judge should not dismiss the request for hearing.

133 Ariz. at 364, 651 P.2d at 892 (footnote omitted).

The court of appeals reached the proper result in *Arizona Public Service.* The holding granted in the preceding paragraph is correct except insofar as it improperly tacked a due diligence requirement onto A.R.S. § 23–941(C). Under that statute, so long as one party demonstrates that there remains a disputed unresolved issue, then the ALJ may not dismiss a request for hearing. The statute does not require the protesting party to exercise due diligence in uncovering a disputed issue or issues, other than the obvious necessity to present the matter to the ALJ prior to the time the request for withdrawal is acted upon. As a matter of policy, as well as statutory construction, we believe that any party may rely upon the hearing request filed by another party. So long as unresolved issues exist, and are known to the parties and the ALJ, dismissal is inappropriate under A.R.S. § 23–941(C).

We disapprove *Arizona Public Service* to the extent that it conflicts with the opinion in the present case. Because the type of due diligence actually exhibited by Marriott is not relevant to our disposition of this case, we need not inquire into petitioner's arguments on that point.

We vacate the opinion of the court of appeals and set aside the award dismissing the request for hearing.

GORDON, C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

---

**3.** In *Arizona Public Service,* claimant asked to withdraw his request for hearing when it became obvious that his compensation award might be significantly reduced as the result of deposition testimony establishing that his injury was unscheduled. On the day after claimant requested the withdrawal, the employer filed a new Notice of Claim Status purporting to rescind the original Notice of Benefits and also issued a Notice of Permanent Disability and Request for Determination of Benefits indicating that claimant had indeed suffered an unscheduled permanent partial disability.

At that point, without communicating with either side, the ALJ dismissed the claimant's request for hearing. As in the case before us, because the claimant's withdrawal request had been made more than ninety days after the original Commission determination that the injury was scheduled, it was too late for the employer to ask for its own hearing. A.R.S. § 23–947(B). Instead, the employer sought timely review of the ALJ's dismissal determination under A.R.S. § 23–941(C), arguing that the recently completed deposition provided new information about the injury and raised issues that remained unresolved. The ALJ dismissed the hearing request, holding that the withdrawal of the hearing request made the original claim determination final under § 23–947(B) (determinations of notice become res judicata if no request for hearing filed within ninety days). Moreover, in the ALJ's view, the employer could not rely on claimant's request for hearing to keep the matter open.

The court of appeals set aside the award dismissing the hearing request. The court noted that A.R.S. § 23–941(C) allowed parties to withdraw hearing requests when they had reached a satisfactory resolution of their disputes. However, an ALJ was not authorized to dismiss a hearing request in the face of unresolved disputed issues remaining between the parties. The court indicated its strong disapproval "of the disposition of claims by means of a footrace to the Commission." 133 Ariz. at 363, 651 P.2d at 891.